109   399
176   637
109        399
27 SC ²302

## American Life Insurance Co. *versus* McAden.

1. Where one party to a contract under seal refuses without right to perform his part, the other party may elect either to sue on the contract to recover damages for the breach, or to rescind the contract and sue in assumpsit, to recover back money paid under the contract for which he received no substantial benefit.

2. If, in such case, the plaintiff rescinds and sues in assumpsit, it seems, the scaled contract is admissible in evidence not as the foundation of the action, but as evidence to exhibit the transaction as it previously existed, and to aid in the assessment of the damages.

3. The insured in a policy of life insurance under seal sued the company in assumpsit to recover back the premiums paid, averring that the defendant had unlawfully declared the policy forfeited, and plaintiff offered the policy in evidence, which, upon the defendant's objection, was excluded by the court. The defence was that a certain premium was not paid on the day it fell due, for which reason the company refused to accept it when tendered and declared the policy forfeited. The verdict was for the plaintiff.

   *Held,* that the policy should have been admitted in evidence, but the defendant, having objected to its admission, could not complain of its exclusion; that, in the absence of the policy, the right to forfeit for non-payment of the premium when due would not be presumed; and, the defendant having failed to justify the forfeiture, the plaintiff was entitled to recover back the premium paid, with interest at least from the time of demand.

4. The fact that the risk had attached, and had been carried during the time the premiums were punctually paid, was no defence to the plaintiff's recovery, there having been no loss, and the plaintiff having received no substantial benefit therefrom.

March 31st, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

ERROR to the Court of Common Pleas No. 3 of *Philadelphia county :* Of July Term 1884, No. 152.

Assumpsit, by Rufus Y. McAden and Mary F. McAden his wife in her right, against the American Life Insurance Company. The narr. was in five counts: the first four recited a policy of insurance issued by the defendant company on the life of Rufus Y. McAden, in favor of his wife, averring that after certain premiums had been paid and accepted, amounting to over $4000, on one occasion when a premium fell due a delay of one or two days occurred in tendering it, whereupon the defendant refused to receive it, and declared the policy forfeited. The fifth count was as follows:

V. Plaintiff complains that defendant is indebted to her for money had and received to her use, to wit, on the premiums

paid in on said policy of insurance, with interest from the date of each payment which defendant wrongfully detains from plaintiff, although defendant promised to pay the plaintiff said sums of money when demanded; but although often requested so to do refuses and wholly neglects so to do, to this plaintiff's damage, $15,000, wherefore she brings suit.

Plea, non assumpsit.

On the trial, before FINLETTER J., the plaintiff offered the policy in evidence, but upon the defendant's objection that, being under seal it was not admissible in evidence in this action of assumpsit, the court refused to admit it. The defendant did not put the policy in evidence.

The president of the defendant company testified as follows:—Mr. McAden came to see me after the lapse of his policy. I simply denied any liability of any sort whatever, then or since then; nor did I offer him any money whatever. . . . . . He thought it was a very hard case. I told him he was the president of a bank, and ought to know that promptness was essential in all such matters, and I told him it was our rule to forfeit a policy when the premium was not paid; that we were not in North Carolina now, and we were not taking twenty thousand dollar policies. He was very desirous for us to take the premium. I declined to do so, and told him there was no liability whatever on our part, and he must take the consequences of it; that I could not help it, and that it was his fault, and not mine.

*Cross-examined:*—Q. Then you refused to return to this gentleman a single cent of all he had paid?

A. I did.

Q. He had paid over four thousand dollars to your company, had he not?

A. I had forgotten how much he had paid. He had an insurance of twenty thousand dollars for ten years.

Q. I did not ask you about insurance. The fact is that you got his money, and you refused to return him a dollar of it?

A. We had received from Mr. McAden money, and we refused to return him a dollar back.

The defendant requested the judge to instruct the jury that their verdict must be for the defendant, which point the judge answered in the general charge, which was, in full, as follows:—

This is an action for money had and received by the defendant from the plaintiff. To recover, the plaintiff must show, First. That the defendant received the money from him which he now claims. Second. That the plaintiff demanded the money from defendant. And Third. That it refused upon that demand to pay the money to him. These facts, the fact

[American Life Insurance Co. v. McAden.]

that the money had been paid and that it was demanded, have been sworn to by the plaintiff and I do not understand that there is any evidence in this case to show that the money was not received, or that it has been paid back in full, or any part of it, by the defendant to the plaintiff.

The excuse which was given for not paying at the time it was demanded, and the defence now before you, is that at the time the money was demanded by the plaintiff from the defendant, the policy of insurance had lapsed, and that he had no claim, therefore, upon the defendant for any money whatever.

Now, if this be a good legal reason for not paying back the money, the policy itself would be, and is, the very best evidence of that fact. That policy, as it is, is not in evidence, and has not been received at the instance of the plaintiff, and it has not been offered by the defendants. The policy, therefore, and its contents, are not before you, and you can know nothing about it; nor can you say what the terms or conditions of that contract or policy were.

Now, neither party to a contract, neither the plaintiff nor the defendant, who are parties to the contract in law have a right to say that that contract is forfeited, or void, or null. That is a matter which depends upon facts, or may depend upon the law as applicable to those facts; and that is a question entirely for a court and jury to determine. Wherever there is an instrument in writing, it is for a court and jury to determine whether it is void, or lapsed or forfeited, or of noneffect, depending, as I have already said, upon whatever the facts may be in relation to that question, and upon the law as the court may give it to the jury.

In this case, you understand that the reason for the defendants not paying the money to the plaintiff then and now, is, that there was a lapse of a policy of insurance. Is there any evidence—and it is for you to say—of a lapse or forfeiture of a policy of insurance, or of such a lapse of such a policy of insurance, or contract, as would excuse these people from not paying the money at the time it was demanded, or is a legal reason now? If there is no evidence of this fact, then there is no legal reason why the money should not have been returned; and in that event your verdict must be for the plaintiff. If, however, the jury find, from the evidence, that the policy has lapsed, the verdict ought to be for the defendant.

That, I think, answers the point submitted by the defendant.

Verdict for plaintiff for $5,319.90, and judgment thereon. The defendant took this writ of error, assigning for error, the answer to its point and the charge as above given.

13 Outerbridge—26

[American Life Insurance Co. *v.* McAden.]

*Henry Hazlehurst* and *Richard C. Dale*, for the plaintiff in error.—The policy was properly excluded. Penna. Mut. Society *v.* Corley, 39 Leg. Int., 139. Though the action is in assumpsit the narr. is not for money had and received, simply, but is based on the sealed instrument as the foundation of the cause of action. The fifth count is not a common count, because it claims to recover "the premiums paid in on *said policy of insurance.*" No testimony should have been received under this count which referred to the specialty as the cause of action. Assumpsit can not be maintained where there has been originally an express contract, under seal, which relates to the same subject matter: Waite's Actions and Defences, vol. 2, p. 361; Hinkley *v.* Fowler, 15 Maine, 285; Andrews *v.* Callender, 13 Pick, 484; Codman *v.* Jenkins, 14 Mass., 93; MacManus *v.* Cassidy, 66 Pa., 260.

There can be no promise to return premiums, which were directly applied to the maintenance of the policy, and were not had and received to the use of the plaintiff: Rose *v.* Himely, 4 Cranch, 241; Ins. Co. *v.* Sanders, 36 N. H., 252. Money paid under an admitted claim of right, cannot be recovered in any event.

*Richard P. White*, (with him *Lewin W. Barringer* and *George H. Earle, Jr.,*) for the defendants in error.—The policy was admissible in evidence, not as the foundation of the action, for we did not sue upon it, but as an item of evidence showing the relations of the parties and the amount we were entitled to recover in assumpsit for money had and received: Charles *v.* Scott, 1 S. & R., 294; Mehaffy *v.* Share, 2 P. & W., 361; Carrier *v.* Dilworth, 59 Pa. St., 406. We proved the defendant's repudiation of the contract, and our rescission of it, which made out one cause of action, but the defendant, having kept the policy out, failed to show its right to forfeit, or any justification for its refusal to return the premiums. Even where the company shows a stipulation that premiums shall be paid on the very day they fall due, a forfeiture cannot be allowed, unless the provision is clear and distinct, and shows a right of forfeiture after the strictest interpretation in the assured's favor: McAllister *v.* Company, 101 Mass., 560; Bliss on Insurance, Sec., 186; May on Insurance, Sec. 342.

Mr. Justice CLARK delivered the opinion of the court, October 5th, 1885.

The evidence shows that in May, 1869, a policy of life insurance was issued by the defendant, the American Life Insurance Company, to the plaintiff, Mary F. McAden in the sum of $20,000, upon the life of her husband Rufus Y. Mc-

Aden of Charlotte, North Carolina; that the plaintiff paid premiums on this policy, in quarterly payments of $101.44, each, from its date, until in August 1879, when the company refused to accept the premium then tendered, declaring that the policy, by its terms, had become forfeit to the company, the premium mentioned, not having been paid or tendered within the time stipulated, but one or two days later. This action of assumpsit was thereupon brought not upon the contract contained in the policy, but as upon a rescission of it, to recover the premiums paid, upon a count for money had and received by the defendant to the use of the plaintiff.

The policy was produced at the trial, and the plaintiffs offered to read it in evidence, but upon the objection of the defendants' counsel, that it was an instrument under seal and the action assumpsit, the court excluded it. This ruling of the court was, we think, erroneous, but the defendant cannot complain, as it was made at his instance. The action it is plain, is not founded on the policy, for if the policy be in force, there can, in the nature of the case, be no recovery upon the count for money had and received. The suit is in direct disaffirmance of the contract, and cannot therefore be said to be founded upon it.

Assumpsit, for money had and received, is frequently brought to recover back a deposit, or money paid upon an agreement, which the defendant omits or refuses to perform; and on a single count, in the common form, various sums, received at different times, may be recovered: 1 Chitty Pl., 353, 356. When, for example, a person purchases land and pays part of the purchase money, and the seller does not, and will not, complete the engagement, so that the contract is totally unexecuted, he, the purchaser, may either affirm the agreement by bringing an action for non-performance of it, or he may elect to disaffirm it, *ab initio*, and bring an action for money had and received to his use: 1 Sugden on Vendors, p. 236, ¶ 39.

Or, where two persons enter into a contract for services, and after part performance, by one, the other denies its existence, and gives notice of his intention to disregard it, the party not in default may at his option perform fully, and enforce the contract, or consider it at an end, and recover for part performance, upon a *quantum meruit*: Moorhead v. Fry, 12 Harris, 37. In Feay v. Decamp, 15 S. & R., 227, there was an agreement under seal for the sale of land, with possession delivered, and a large part of the money paid, but not to the extent the contract required; the owner resumed the possession and declared the contract at an end; held, to be a disaffirmance, and that the vendee might, in an action of assumpsit, recover back the

money paid, on a count for money had and received. The doctrine as to the distinction to be drawn between a suit on the contract, and a suit grounded upon a rescission of it, is thus plainly stated in Smethurst *v.* Woolston, 5 W. & S., 109: "But this distinction, which pervades all the authorities, governs the whole case; for the purchaser may declare specially for the breach of the contract, or simply for money had and received to recover back the deposit, if any be made, or the purchase money if it be paid; or he may join both causes of action in the same declaration. And when this is done, it is granted that, under the money count, the money advanced may be recovered back; or where a specific article has been given in satisfaction, the purchaser may, when default is made, elect to consider the contract at an end, and recover the article itself, or its value, from the vendor. But, on the other hand, where the purchaser declares specially for breach of the contract, and thereby affirms it, the only rule of damages is the value of the article at or about the time it is to be delivered." The same principle is applied in Wilkinson *v.* Ferree, 12 Harris, 190, and Miller *v.* Phillips, 31 Penn. St., 218.

In all such cases, the contract, although under seal, is rightly received in evidence, to exhibit the transaction as it previously existed, to determine the resulting rights of the parties, and, in some cases, perhaps, to aid in the assessment of the damages: Mehaffy *v.* Share, 2 P. &. W., 361; Carrier *v.* Dilworth, 59 Penn. St., 406.

If, however, the contract has been in part performed, the plaintiff having received some susbstantial benefit therefrom, and, if, upon a verdict in his favor the parties cannot be placed *in statu quo*, the count for money had and received, in general, is not maintainable: Chitty Pl., 355. The plaintiff must show that he has equity and good conscience on his side, or he cannot recover.

In the case at bar, the rights of the parties, under the contract of insurance, had attached, but the plaintiffs had never received any actual benefit from it. They may in some sense perhaps, be said to have enjoyed the protection which the policy afforded in the event of the husband's death, but as that event did not occur, the policy had as yet been of no appreciable actual advantage to the plaintiff, and no real disadvantage to the defendant. The parties for anything that appears, upon the plaintiff's recovery, are placed precisely in the same situation they were in, before the contract was made; for, al· though the company carried the risk and the plaintiff, Mary F. McAden at all times, during the continuance of the contract, upon the happening of the event provided against, was entitled to the indemnity it secured, yet the company has paid

nothing and the plaintiffs have received nothing. As in the case of any other contract the parties were each entitled, during its continuance, according to its terms.

The policy, when made, was admittedly valid; the premiums which were paid were voluntarily paid upon that policy, the risk had been running for ten years; the obligations of the contract were long since in force, on both sides, and it is clear that the plaintiffs could not on their own mere motion rescind it, so as to recover back the premiums paid; but if after receiving these several premiums, the company without right refuse to receive further premiums as they mature, deny their obligation, and declare the contract at an end, the plaintiff, we think, may take the defendants at their word, treat the contract as rescinded, and recover back the premiums paid, as so much money had and received for their use. Rescission or avoidance, properly so called annihilates the contract, and puts the parties in the same position as if it had never existed; and notice that a party will not perform his contract has the same effect as a breach: Ballou v. Billings, 136 Mass., 309. It is of no consequence that the payment of the premiums was voluntary, upon a valid obligation of the plaintiff to discharge a debt which the plaintiff owed, and which the defendant had a right to receive; the action is not founded in any fraud or failure in the original contract, but on a rescission of it through the subsequent refusal of the defendant to perform it. It is clearly shown, indeed it is admitted, that the premium due in August 1879, was tendered to the company, and was refused, upon the ground that the company was not then bound to receive it, and that the policy, according to some alleged express stipulation it contained, respecting the payment of the premiums, was forfeited and void. The president of the company denied all liability on the policy, and declared the contract at an end. If the reasons assigned by the president were valid and true, the refusal to receive the premium was right; if the contract was in fact forfeited and void, there was no contract remaining to rescind, and if there was no rescission there could be no recovery of money had and received. But there was no proof whatever of a forfeiture of the policy; it was alleged, that the contract contained a clause, according to which, by reason of the non-payment of the premium due in August 1879, on or before the exact day designated for payment thereof, a forfeiture ensued; whether this was so or not, depended, in the first instance at least, upon the proper reading and construction of the policy itself, which the defendant would not allow the plaintiffs to offer in evidence, nor would they offer it themselves.

The policy is therefore not before us; we do not know what

[Eddey's Appeal.]

it provides; if it contains any such clause, it should have been given in evidence.   As the case is now presented to us, the company would appear to have declared the lapse of the policy, without any warrant whatever, and without cause; and if the defendants received the plaintiff's money, and, under such circumstances, upon demand, refused to return it, we think it may be recovered back in an action of assumpsit:   May on Insurance, 429; Seipel *v.* International Ins. Co., 84 Penn. St., 47.

The case of McKee *v.* Phœnix Insurance Co., 28 Mo., 383, is, in all respects, similar in principle to the case under consideration; there, a wife insured the life of her husband, and after making several payments obtained a divorce; other payments were afterwards made, when the insurer refused to receive a semi-annual instalment, tendered when due; in an action for money had and received, it was held, that the decree of divorce did not authorize a forfeiture of the policy, and that " if the defendant wrongfully determined the contract, by refusing to receive a premium when it was due, then the plaintiff had a right to treat the policy as at an end and to recover all the money she had paid under it."

In some cases perhaps the defendant ought to refund the principal merely, and in others he ought *ex œquo et bono* to refund the principal with interest; each case depends upon the justice and equity arising out of its peculiar circumstances. In this case, however, interest was allowed from the date of the demand only, and certainly the defendant can not complain of that.

The judgment is affirmed.

TRUNKEY J., dissented.