## Susan Hale *v.* Equitable Aid Union, Appellant.

*Beneficial associations—By-laws—Amendment—Contract.*

Where a benefit certificate in a beneficial association is accepted subject to the right of the association to amend its constitution and by-laws, the contract in so far as it consists of the constitution and by-laws may be changed by an amendment of the constitution and by-laws, but in so far as it consists of something specifically agreed to between the parties at the time, and not necessarily a part of the constitution and by-laws, an amendment changing the contract is invalid.

Plaintiff accepted a benefit certificate subject to the right of the association to amend its by-laws. The certificate provided that plaintiff should become entitled to receive one-half the amount after twelve years " if living, and in good standing." An amendment of the by-laws provided for the payment of one-tenth of the amount specified in the beneficial certificate yearly, upon arrival at the period of expectation of life, and total physicial disability. *Held,* that plaintiff was not subject to the amendment.

Argued May 6, 1895. Appeal, No. 41, Jan. T., 1895, by defendant, from judgment of C. P. Warren Co., Dec. T., 1893, No. 66, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

168  377
200  246

168          377
e  35 SC  151
f  35 SC  152
e  35 SC  203
d  35 SC  204

Assumpsit on a benefit certificate of a beneficial association.
Before NOYES, P. J.

At the trial it appeared that in 1881 plaintiff became a member of the defendant association, and took a benefit certificate which set forth that there "shall be paid to Levi Hale and Thomas Hale, subject to change at pleasure, $1,800, in the event of the death of Susan Hale, a member, while in good standing in the organization, prior to the completed period of expectancy." And further, under the head of "Endowment," "If living and in good standing twelve years from the date hereof, one-half the sum stipulated above, shall be paid to the legal payee of this certificate; the balance at death." Attached to the certificate, and in addition to the constitution and by-laws of the defendant was an application, or copy of one, purporting to be signed by the plaintiff, a medical examination and certain other documents. In the application this clause appeared: "I further agree to accept said beneficiary certificate subject to such laws, rules and regulations as now exist, or may hereafter be adopted, and governing said corporation."

In 1893, the following by-law was passed:

"Sec. 14. All persons holding valid benefit certificates that have been or may be hereafter issued to them who shall live to the period of expectation of life as designated in section 2 of this article 'Synopsis,' and becoming totally physically disabled, shall be entitled to receive yearly a one-tenth part of the amount specified in their benefit certificate."

The court charged in part as follows:

"[But in so far as this contract agrees to pay to Susan Hale, if she is in good standing in the organization twelve years from the date of it, one half of the amount, to wit, $900, that is a matter altogether apart from the by-laws; and they may amend the by-laws as they please to affect all future cases, but such amendment does not invalidate or wipe out that contract.] [1]

"[The benefit certificate was accepted subject to the right of the corporation to amend its by-laws and to change the contract, in so far as the by-laws make it, but not in so far as the contract is made by the benefit certificate itself. For these reasons I think the plaintiff is entitled to recover, under the undisputed evidence, the one half mentioned in the certificate.] [2]

Defendant's points were among others as follows:

" 1. The plaintiff, as a member of the corporation, defendant, was bound by the amendment to its by-laws providing for the payment yearly, upon the arrival at the period of expectation of life, and total physical disability, of a one tenth of the amount specified in her benefit certificate, instead of the payment of the one half of the amount specified in said certificate at the arrival of such period. *Answer :* Answered in the negative. [3]

" 2. Under the agreement of the plaintiff, contained in her application for a benefit certificate, ' To accept said beneficiary certificate, subject to such laws, rules and regulations as now exist or may hereafter be adopted, and governing said corporation;' and the authority contained in article 6 of the defendant's charter of incorporation, to ' Enact such constitution, by-laws, rules and regulations as from time to time shall be deemed necessary and proper for the government of such corporation including the admission or election of members, their removal or suspension, the payment of dues, fees, penalties, benefits, management of all its funds and property, and from time to time alter and modify the same as shall be therein provided,' the defendant corporation had the power to change the by-laws in force at the time the plaintiff became a member of the defendant corporation, and to adopt in lieu thereof the amendment, section 14, by-laws of 1893, which amended section is in part as follows : ' All persons holding valid benefit certificates that have .been or may be hereafter issued to them who shall live to the period of expectation of life as designated in section 2 of this article, " Synopsis," and becoming totally physically disabled, shall be entitled to receive yearly a one tenth part of the amount specified in their benefit certificate;' and such new by-laws, when adopted before the period of expectation of life, became binding upon the plaintiff. *Answer :* As to the second point, I will refer to the general charge for my answer, in which it is fully covered." [4]

" 5. Under all the evidence in the case, the verdict of the jury for the plaintiff can only be for the sum of one hundred and eighty dollars, ($180,) with interest from July 21, 1893. *Answer :* I answer this point in the negative." [5]

Verdict and judgment for plaintiff for $963.75. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*D. I. Ball,* of *Ball & Thompson, W. H. Tennant* with him, for appellant.—An association organized not to do business for profit or gain, but to pecuniarily aid the widows, orphans, heirs and devisees of its members, is not an insurance company : Com. v. Equitable Beneficial Assn., 137 Pa. 412 ; Bacon on Benefit Soc. and Life Ins., sec. 51 ; Northwestern Masonic Aid Association of Chicago v. Jones, 154 Pa. 99 ; act of April 6, 1893, P. L. 7 ; Dickinson v. Ancient Order of United Workmen, 159 Pa. 258 ; Fraternal Guardians Assigned Est., 159 Pa. 600 ; Hamill v. Supreme Council Royal Arcanum, 152 Pa. 537 ; Beatty v. Supreme Commandery U. O. of Golden Cross, 154 Pa. 484 : McAlees v. Iron Hall, 12 Cent. Rep. 415 ; Johnson v. R. R., 163 Pa. 127.

When the benefit certificate was issued, it was subject to the " medical examination, constitution and laws herewith constituting contract," and attached thereto : Bishop v. E. O. M. A., 112 N. Y. 6 ; Benefit Assn. v. Burkhart, 110 Ind. 189; Crossman v. Supreme Lodge, 13 N. Y. 596; Munrich v. Supreme Lodge, 24 N. Y. 287 ; Hellenberg v. District, No. 1, I. O. of B. B., 94 N. Y. 580 ; Gray v. Supreme Lodge Knights of Honor, 118 Ind. 293 ; Hesinger v. Home Ben. Assn., 41 Minn. 516 ; Supreme Lodge v. Knight, 117 Ind. 489 ; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402; Miller v. Hillsborough Mut. Fire Assurance Assn., 6 Cent. Rep. 324 ; Diehl v. Adams County Mut. Ins. Co., 58 Pa. 443 ; 2 Am. & Eng. Ency. of Law, 176.

The power to amend by-laws is as broad as the power to enact them : Boone on Corporations, sec. 56, p. 67 ; Boisot on By-laws, sec. 16, p. 12; Morawetz on Private Corp. 499; Angell & Ames on Corp., sec. 329 ; May v. New York Safety Fund Assn., 13 N. Y. 66 ; Sheeler's App., 159 Pa. 594.

A member of an incorporated beneficial society does not stand in the relation of a creditor to the society, and can claim only such benefits as are prescribed by the by-laws existing at the time he applies for relief : St. Patrick's Male Beneficial Society v. McVey, 92 Pa. 510; McCabe v. Father Mathew Society, 24 Hun, 149 ; Bacon on Benefit Societies, sec. 236 ; Ellerbe v. Faust, 25 S. W. 390 ; Julia Fugure v. The Mutual Society of

St. Joseph, 46 N. H. 362; Masonic Mutual Ben. Soc. v. Burkhart, 110 Ind. 189; Poultney v. Bachman, 31 Hun, 49; Stohr v. San Francisco Musical Fund Society, 82 Cal. 557; Hutchinson v. Supreme Tent K. O. T. M., 52 N. Y. Rep. 199; Sheeler's App., 159 Pa. 594; Becker v. Berlin Ben. So., 144 Pa. 232; Supreme Lodge Knights of Pythias v. Knight, 117 Ind. 489; Masonic Relief Association v. McCurdey, 2 McVey (Dist. Columbia), 79.

*H. J. Muse, Samuel T. Neill and J. H. Donly,* for appellee, were not heard, but argued in their printed brief.   The amended by-laws had no retroactive operation: Supreme Lodge Knights of Pythias v. Knight, 117 Ind. 289; West v. Grand Lodge A. O. U. W., 22 Oreg. 271; Supreme Commandery v. Ainsworth, 71 Ala. 449; Becker v. Berlin Ben. Soc., 114 Pa. 232; McDowell v. Ackley, 93 Pa. 277; Hutchinson v. Maccabees, 52 N. Y. 199; Bishop's Admr. v. E. O. M. A., 112 N. Y. 627; Gray v. Pollard Bank, 3 Mass. 364; Kent v. Quicksilver Mining Co., 78 N. Y. 182; Folmer's App., 87 Pa. 133; Black & White Smith's Society v. Vandyke, 2 Whart. 309; Toram v. Howard Beneficial Society, 4 Pa. 519, Society for Visitation, etc., v. Com., 52 Pa. 125; St. Patrick's Male Beneficial Society v. McVey, 92 Pa. 510.

PER CURIAM, May 20, 1895:

The controlling question in this case is, whether the plaintiff was bound by the subsequent amendments to defendant's by-laws providing for the payment yearly, upon arrival at the period of expectation of life and total physical disability, of one tenth of the amount specified in her benefit certificate, instead of the payment of one half of said amount at the time specified in said certificate.   This question is to some extent involved in each of the assignments of error, but more particularly in the defendant's first, second and fifth requests for charge recited in the last three specifications; and it appears to have been correctly decided in favor of the plaintiff, not only in the general charge but also in the learned judge's answers to said requests.   In the former, he correctly said, among other things, that a contract between an association, such as the defendant, and one of its members cannot be impaired or altered by either

of the parties thereto, except so far as the power to do so is reserved. The benefit certificate was accepted by plaintiff "subject to the right of the corporation to amend its by-laws and to change the contract in so far as the by-laws make it, but not in so far as the contract is made by the benefit certificate itself. For these reasons I think the plaintiff is entitled to recover, under the undisputed evidence, the one half of the sum mentioned in the certificate." We find nothing in the record that would justify us in sustaining either of the specifications; and they are therefore dismissed.

Judgment affirmed.