## SUPREME COUNCIL OF AMERICAN LEGION OF HONOR v. GETZ.

### (Circuit Court of Appeals, Third Circuit. December 4, 1901.)

**1. LIFE INSURANCE—BENEFIT ASSOCIATIONS—CONTRACTS WITH MEMBERS.**

The general agreement of the members of a fraternal and insurance order, on joining the same, that they will be governed by the then existing laws of the order, and all future adopted amendments thereto, binds them only as to amendments and changes having relation to the organization generally, and does not amount to a reservation to the order of the right to alter the contract made by a member's insurance certificate without his consent, nor can such consent be implied from the fact that the body attempting to make such alterations is made up of representatives elected by the subordinate lodges.

**2. SAME—LAW GOVERNING CONTRACTS.**

A contract of life insurance is to be construed in accordance with the laws of the state where made.[1]

**3. SAME—ARBITRARY CHANGE OF CONTRACTS—AMENDMENT OF BY-LAWS.**

Under the law of Pennsylvania, as settled by decision, a fraternal insurance society has no power to arbitrarily reduce the amount which it has contracted to pay to the beneficiary of a member on his decease from $5,000 to $2,000, by an amendment to its by-laws declaring that $2,000 shall be the highest amount paid on any benefit certificate theretofore or thereafter issued.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 109 Fed. 261.

Murdock Kendrick, for plaintiff in error.

John M. Vanderslice, for defendant in error.

Before ACHESON and GRAY, Circuit Judges, and KIRKPATRICK, District Judge.

[1] What law governs policies, see note to Corley v. Association, 46 C. C. A. 287.

KIRKPATRICK, District Judge. The record in this case shows that Peter C. Getz, on the 7th day of April, 1888, became a companion of the Supreme Council of the American Legion of Honor, and as such made application for sixth-degree membership to Welcome Lodge, No. 1,062, of the order, located in Philadelphia, Pa., and, having complied with the requirements of the order, received a benefit certificate as a statement of the contract existing between himself and the said supreme council. The certificate sets out that in consideration of full compliance with all the laws of the Supreme Council of the American Legion of Honor now existing or hereafter adopted, and the condition herein contained, the Supreme Council of the American Legion of Honor thereby agreed to pay to Clara L. Getz, wife, $5,000, upon satisfactory proof of death, while in good standing upon the books of the said supreme council, of the companion therein named, subject, however, to certain restrictions, none of which, save the third, relating to sick benefits, are applicable to the case at bar. It appears that the said Peter C. Getz died November 15, 1900, while in good standing upon the books of the said supreme council, and that he had complied with all the by-laws that were to be performed on his part, and that prima facie his widow, Clara L. Getz, who brings this suit, was entitled to recover the sum of $5,000, stipulated for in the contract, less a small sum admitted to have been paid as a sick benefit.

The affidavit of defense sets up two matters which the defendant claims are a bar to the plaintiff's recovery. It alleges that at the fourteenth regular session of the defendant at Atlantic City, N. J., in August, 1900, the defendant regularly, duly, and legally adopted an amendment to its by-laws, to be thereafter known as by-law 55, Laws American Legion of Honor, which reads as follows: "Two thousand dollars shall be the highest amount paid by the order on the death of a member on any benefit certificate heretofore or hereafter issued. * * *" That this by-law went into force November 1, 1900, a few days prior to the death of Peter C. Getz. The defendant says that because at the time said Getz made application to become a member of defendant association he agreed to conform in all respects, and be bound by the then existing laws, and all future adopted amendments and enactments, no larger sum can be recovered than the $2,000 mentioned in said by-laws, notwithstanding the contract calls for the payment of a larger sum.

Interpreting the agreement upon which the defendant relies, and giving it the proper force and effect intended by the parties, we must consider the circumstances under which it was made, and the object to be attained. Getz was about to become a member of the defendant association, which had adopted certain by-laws for its governance, and certain rules and regulations which tended to promote fraternal feeling, and the social, moral, and intellectual education of its members. These were to be binding upon Getz as upon all other members of the association, and, inasmuch as experience might show that for the accomplishment of these purposes changes in the by-laws might be expedient, it was provided that Getz should agree to such amendments as might seem to the

members to be necessary to further those ends. To this extent, and no further, we think the agreement goes. The contract with the supreme council had not yet been made, and we cannot conceive that it was in the mind of either party that the defendant by this agreement should be free to abrogate any contract into which it might enter with the member, or that the benefits which he might seek to obtain could be swept away at the will of the defendant, and without his consent. The contract to pay Clara L. Getz $5,000 evidenced by the benefit certificate could not be altered or defeated by this agreement.

It is urged on behalf of the defendant that the said Getz was represented through his accredited agents and representatives at the said fourteenth regular session of defendants held at Atlantic City, N. J., August, 1900, and assented, through his representatives and agents, to the adoption of the by-law No. 55, above set forth, and he is bound thereby. Of course, it was competent for Getz, by express agreement, to waive his right to receive anything on his benefit certificate. This he might do in person or through an agent. But it does not appear that he has done so. The affidavit of the defense fails to state how or in what manner any assent of the said Getz was given to said by-law, other than that his accredited representative and agent was present at the said session of the defendant at Atlantic City, when the by-law was adopted. No express agency is alleged, and we are of the opinion that sufficient facts are not stated to warrant the court in concluding that any assent was authorized or actually given. In Hale v. Aid Union the question raised here was presented to the court, and it was held that "a contract between an association such as defendant and one of its members cannot be impaired or altered by either of the parties thereto except so far as the power to do it is reserved. The benefit certificate was accepted subject to the right of the corporation to amend its by-laws, and to change the contract so far as the by-laws made it, but not in so far as the contract is made by the benefit certificate itself." This judgment was affirmed by the supreme court (168 Pa. 377, 31 Atl. 1066), and is to-day the law of Pennsylvania as interpreted by its court of last resort. The contract before us is a Pennsylvania contract, and must be construed according to its laws. Assurance Soc. v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497.

The record shows the defendant to be entitled to some deduction from the whole amount called for by the certificate. It is mentioned by the court below. It should be allowed, and the judgment of the court in all things affirmed.