### BLACK v. SUPREME COUNCIL, AMERICAN LEGION OF HONOR.

(Circuit Court, E. D. Pennsylvania. February 10, 1903.)

#### No. 15.

1. LIFE INSURANCE—BENEFIT ASSOCIATIONS—LIABILITY FOR BREACH OF CONTRACT.

Where a fraternal benefit association or order is incorporated, and empowered to make insurance contracts with its members, such contracts are made by it as a legal entity; and in an action for breach of such a contract the internal affairs of the corporation and the equities of its members inter sese are matters which are immaterial, and which cannot affect its liability.

2. SAME—REPUDIATION OF CONTRACT—ACTION BY MEMBER TO RECOVER PAYMENTS.

Where an incorporated fraternal insurance association, having the power, but not the legal right, so amends its laws as to arbitrarily reduce the amount payable to the beneficiaries of its members on their death below that which it contracted to pay, a member who did not assent to such reduction has the right to treat the contract as rescinded, and to be restored to the situation he occupied before it was made by recovering the amount he has paid thereon; and it is immaterial in such an action what use the association has made of the money so paid, nor is it any defense against its legal liability for breach of the contract that its charter and laws make no provision for raising funds to discharge such liabilities, when it had power to make the contracts.

At Law. Action for breach of contract of life insurance.

Charles H. Sayre, for plaintiff.
Murdoch Kendrick, for defendant.

DALLAS, Circuit Judge. This case has been tried by the court without the intervention of a jury, in pursuance of a stipulation filed

under sections 649 and 700 of the Revised Statutes [U. S. Comp. St. 1901, pp. 525, 570]. The defendant has asked the court to make 15 special findings of facts, but the points presented include matters of inference and of law, which could not be adequately dealt with in a preliminary statement of the case without unduly expanding it and necessitating some repetition in the opinion which follows.

The finding of the court upon the facts is a general finding for the plaintiff.

The defendant is a corporation. It was incorporated for the purpose, inter alia, of establishing "a benefit fund, from which, on the satisfactory evidence of the death of a member of the order, who has complied with its lawful requirements, a sum not exceeding five thousand dollars shall be paid to the family, orphans or dependents, as the member may direct." The following is a copy of the contract to which this action relates:

Benefit Certificate.

Issued by

| | | |
|---|---|---|
| No. 117601. | Supreme Council | $5000. |

American Legion of Honor.

This is to certify that Hugh W. Black is a Companion of the American Legion of Honor said Companion having made application for 6 degree membership to Royal Oak Council No. 806 A. L. of H. instituted and located at Philadelphia in the State of Pa. and passed the requisite medical examination and been duly initiated into said Council, and this certificate is issued to said Companion as an evidence of the facts in it contained and as a statement of the contract existing between said Companion and the Supreme Council, American Legion of Honor. In consideration of the full compliance with all the by-laws of the Supreme Council, A. L. of H. now existing or hereinafter adopted and the conditions herein contained, the Supreme Council A. L. of H. hereby agrees to pay Margaret A. Black wife Five Thousand Dollars upon satisfactory proof of the death, while in good standing upon the books of the Supreme Council, of the Companion herein named, and a full receipt and surrender of this Certificate. Subject, however, to the conditions, restrictions and limitations following:

First: That all statements made by the companion in the application for membership and all answers to the questions contained in the medical examination are in all respects true and shall be deemed and taken to be express warrantees.

Second: That said Companion shall have paid all assessments called to the Benefit Fund within the time and in the manner required by the by-laws of the Supreme Council in force at the time of the issuance of this certificate or as the same may be hereafter amended.

Third: That all monies which the Supreme Council, American Legion of Honor, may advance against this certificate by way of a relief benefit to the Companion named herein, for sick or disability benefits, under existing or hereafter enacted by-laws or regulations may be deducted at the death of the Companion, from the amount payable to the beneficiary named herein.

Fourth: That the amount designated by said Companion in his application for membership and stated herein, as a funeral benefit, may be deducted at the death of the Companion, from the amount payable to the beneficiary herein named.

Fifth: That this certificate is issued by the Supreme Council, and accepted by the Companion herein named, for himself and his beneficiary, upon the express condition and agreement that in case of any false or fraudulent statement or misrepresentation or violation of any of the covenants herein contained the same shall be void.

In witness whereof the Supreme Council, American Legion of Honor has hereunto affixed its Corporate Seal and caused this certificate to be signed by

its Supreme Commander and attested by its Supreme Secretary at Boston, Massachusetts, this 31 day of Mar. A. D. 1888.

Attest.                                              Enoch S. Brown,
    Adam Warnock,                              Supreme Commander.
[Seal.]   Supreme Secretary.
Not assignable or subject to pledge.

The defendant corporation had lawful authority to make this contract. It had also the power, though not the right, to repudiate it, and this it did by adopting an amendment to its by-laws, as follows:

"Two thousand dollars shall be the highest amount paid by the Order on the death of a member, upon any benefit certificate heretofore, or hereafter issued. * * *"

Upon notice of this amendment, the plaintiff, who had not assented to it, and who had complied with all the conditions of his contract, refused to submit to the alteration of it which the amendment purported to prescribe; and that this refusal was justified by law is unquestionable. Supreme Council American Legion of Honor v. Getz, 50 C. C. A. 153, 112 Fed. 119. He also asserted and exercised the right to rescind the contract, by reason of its anticipatory breach by the defendant, and accordingly he brought this action of assumpsit to recover the money he had paid under it, which, upon the facts thus far stated, he was prima facie entitled to maintain. American Life Insurance Co. v. McAden, 109 Pa. 399, 1 Atl. 256. But the defenses which have been interposed remain to be considered.

The ingenious argument which has been made on behalf of the defendant seems to rest upon an assumption which, in my opinion, is inadmissible. It assumes, as I understand it, that in an action at law against a corporation, brought by one with whom it had contracted, to recover as upon breach and consequent rescission of the contract, the internal affairs of the corporation, and the equities of its members inter sese, are for investigation and determination. This is certainly not the law. "Whenever a corporation makes a contract, it is the contract of the legal entity—of the artificial being created by the charter —and not the contract of the individual members." Bank of Augusta v. Earle, 13 Pet. 586, 10 L. Ed. 274. "One of the objects of creating a corporation by law is to enable it to make contracts" (Twin-Lick Oil Co. v. Marbury, 91 U. S. 589, 23 L. Ed. 328); and the charter of this defendant distinctly enabled it to make such contracts as that which it made with the plaintiff, and which, in express terms, was stated to be the contract of the corporate entity. By it, and subject to its conditions, the corporation agreed to pay Margaret A. Black $5,000, and it is with this agreement of the corporation, and its declared purpose not to fulfill it, that this case is exclusively concerned. That the defendant is a "fraternal beneficial association," and that the law restricts the fund which it may accumulate, is of no consequence. Whatever its specific character, it had power to make the contract which it did make, and no restriction upon its accumulations, however imposed, can relieve it from legal responsibility for its breach. That the moneys which were paid by the plaintiff were used by the defendant in carrying out the objects of the association is also immaterial. The plaintiff is not seeking, and is not required, to identify the money which he paid to it. He is not asking to participate in the distribution of a

particular fund upon the ground that a contribution made to it by him can be distinctively recognized.   Nor is he claiming, as upon a voluntary withdrawal from his membership in the association, to have the sums which, as a member, he had paid, refunded to him.   His action is founded solely upon a contract.   His demand is to be compensated for its breach, and to this he is entitled, no matter what may have been done with the money which was received from him.   Nor does it make any difference that the disposition which was actually made of that money was warranted by law and by the practice of the association. It may be assumed that when this benefit certificate was issued the only obligation of the corporation which was really in mind was its undertaking to make the payment of $5,000 to the plaintiff's wife, for which it expressly provided, and that it was expected that this obligation would be met by assessments to be levied at his death.   But an anticipatory breach did in fact occur, and thereupon a liability, at least quasi contractual, attached, whether contemplated by the parties or not.   People v. Speir, 77 N. Y. 144; Hertzog v. Hertzog, 29 Pa. 465; Sceva v. True, 53 N. H. 627.   And the defendant having incurred this liability, cannot evade it by asserting that no specific provision has been made for its acquittal.

I do not doubt that if a contract has been in part performed, the plaintiff having received some substantial benefit therefrom, and if, upon a verdict in his favor, the parties cannot be placed in statu quo, such an action as this is not maintainable.   But this rule is not applicable to the present case.   The rights of the parties under the contract had attached, but the plaintiff had never received any actual benefit from it.   He may, in some sense, perhaps, be said to have enjoyed the protection which it afforded in the event of his death; but, as that event did not occur, it had as yet been of no appreciable actual advantage to him, and no real disadvantage to the defendant.   The parties, for anything that appears, upon the plaintiff's recovery are placed precisely in the same situation that they were in before the contract was made; for, although the company carried the risk, and the plaintiff's wife, at all times during the continuance of the contract, upon the happening of the event provided against, was entitled to the indemnity it secured, yet the company has paid nothing and the plaintiff has received nothing.   As in the case of any other contract, the parties were each entitled, during its continuance, according to its terms.   American Life Insurance Co. v. McAden, supra; Marshall v. The Fire Insurance Co., 176 Pa. 628, 35 Atl. 204, 34 L. R. A. 159; Kerns v. Prudential Insurance Co., 11 Pa. Super. Ct. 209.   Careful examination of the judgments of the Supreme Court of the United States in N. Y. Life Insurance Co. v. Statham, 93 U. S. 24, 23 L. Ed. 789, and in Lovell v. St. Louis Mutual Life Insurance Co., 111 U. S. 264, 4 Sup. Ct. 390, 28 L. Ed. 423, has satisfied me that they are not in conflict with the decisions of the Pennsylvania courts above referred to.   Both of these cases were founded upon ordinary policies of life insurance. In the first the policies had lapsed by reason of our Civil War having prevented the payment of premiums, and it was held that the insured were not entitled to have them revived, after the determination of the war, upon paying the premiums which had accrued during

its continuance, but only to the value of the policies at the time at which they had, without fault on their part, failed to comply with their conditions. In the second case the policy had been surrendered. The company had violated the understanding upon which the surrender had been made, and the court said "the amount to which the complainant is entitled is * * * the value of his policy at the time it was surrendered." In both of these cases the question was as to the proper measure of damages under their respective special circumstances. In neither of them was it decided that in such a case as this the plaintiff's recovery of the amount of the payments he had made would not place the parties "precisely in the same situation they were in before the contract was made." American Life Insurance Co. v. McAden, supra. Moreover, there is no evidence that the benefit certificate involved in this suit had any surrender value whatever. The defendant, by declaring that it would not abide by its contract, entitled the plaintiff to insist that he should be restored to the situation which he occupied before it was made, and this can be done only by returning to him the money which he had paid under and in pursuance of it. It is admitted that $61.39 of this money was refunded to him as having been unlawfully collected, and for this sum, therefore, the defendant is entitled to a credit; but I do not perceive that its receipt by the plaintiff in any way affects his general right of recovery.

A portion of the evidence was, by agreement of counsel and with the sanction of the trial judge, taken and reduced to writing out of court; and it is said in the defendant's brief that this evidence "shows that the cost of the plaintiff's insurance during his term of membership was a less amount than he would have been compelled to pay for a similar amount of insurance during an equivalent term under the computation made in accordance with the recognized standard tables." Accepting this statement for the purpose of disposing of the objections which were duly made by the plaintiff to the admission of the evidence to which it relates, I am clearly of opinion that the fact sought to be shown is irrelevant, and accordingly the evidence referred to is now excluded, with like effect as if it had been excluded upon the trial, and to this ruling the defendant will, upon due presentation of a bill of exceptions, be granted, nunc pro tunc, such exception or exceptions as would then have been demandable with respect thereto. Rev. St. § 700.

There is no dispute respecting the principal amount claimed by the plaintiff. It will be allowed, subject to the credit of $61.39 heretofore mentioned. The date from which interest should be awarded is, it seems, open to question. American Life Insurance Co. v. McAden, supra. But this point has not been fully discussed by counsel, and the defendant, I think, should have the benefit of any doubt to which it may be subject. In American Life Insurance Co. v. McAden it was said that the defendant in that case certainly could not complain of an allowance of interest from the date of the demand, and it seems to be equally certain that the defendant in this one cannot complain that the judgment which follows includes interest only from the date at which the action was commenced.

Judgment will be entered for the plaintiff for $4,053.03.