This action sought to restrain, in part, at least, the former head of the late community, bound as lessees and transferrors of these rent notes.

There is, besides, a promise to sell, made by the head of the community before its dissolution, which these administrators could not totally disregard in the manner proposed. Such a promise gives rise to enforceable right between the parties. Civ. Code, arts. 2462, 2463.

By reason of the fact that the law and the evidence are for plaintiff in injunction, the judgment appealed from is affirmed.

(34 South. 697.)

No. 14,599.

RUSS et al. v. SUPREME COUNCIL AMERICAN LEGION OF HONOR.*

(March 16, 1903.)

MUTUAL AID ASSOCIATION — CERTIFICATE — MODIFICATION—ACQUIESCENCE—BENEFICIARY.

1. A benefit certificate issued by a mutual aid association to one of its members is a contract, which can be changed only by the consent of both parties.

2. A clause in such a certificate, by which the person to whom it is issued agrees to comply with all the by-laws of the association now existing or hereafter adopted, cannot be construed as authorizing the association to reduce the amount stipulated in the certificate to be paid.

3. Payment of assessments on the reduced basis will not be construed into acquiescence in the reduction, when made under protest, and with tender of the full amount that would have been due if the reduction had not been made.

4. The beneficiary named in the certificate being designated by name, and also as being the wife of the person to whom the certificate is issued, and this person having had but one wife, this removes any uncertainty that might result from calling the beneficiary "Georgie J. Rayne," instead of "Georgiana Jackson Rayne."

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Fannie Rayne Russ and others against the Supreme Council American Legion of Honor. Judgment for plaintiffs, and defendant appeals. Affirmed.

O. B. & S. Sansum, for appellant. Dart & Kernan, for appellees.

PROVOSTY, J. The defendant issued a certificate of membership to Benjamin O. L. Rayne, agreeing to pay Georgie J. Rayne, his wife, $5,000 upon certain conditions, all of which it is not pretended that Rayne did not comply with. Rayne died, and so did his wife, and this suit is brought on the certificate by the children and heirs of the wife.

One defense is that the plaintiffs sue as heirs of Georgiana Rayne, whereas the beneficiary under the certificate is designated in the certificate as Georgie J. Rayne, and in

*Rehearing denied June 22, 1903.

the application for the certificate as Georgie Jackson Rayne. There can be no question that the plaintiffs are the legitimate children and heirs of their mother, and that their mother was the only wife of Benjamin O. L. Rayne. This suffices to clear away any uncertainty that might result from this variation in the name of the beneficiary, since she is further designated in the certificate as the wife of Benjamin O. L. Rayne.

Another defense is that, after issuing the certificate the American Legion of Honor adopted a by-law by which all policies of $5,000 issued by it should be reduced to $2,000, and that this has had the effect of reducing accordingly the amount of this certificate. The simple answer to this is that the policy is a contract, and could not be changed by one of the parties without the concurrence of the other.

It is claimed that Rayne paid the assessments after the reduction, and that this was an acquiescence in the reduction. The proof is that he protested against the reduction, and invariably with great care tendered the full amount that would have been due if the reduction had not taken place. What more could he have done as a protest against the reduction?

It is also claimed that Rayne agreed to abide by and be governed by all the by-laws of the defendant then existing or that might thereafter be adopted, and that, the reduction having been effected by means of a change in the by-laws, the same is binding on Rayne under the express terms of his contract. This identical question was passed on by the Supreme Court of Massachusetts in the case of Newhall v. Supreme Council American Legion of Honor, 63 N. E. 1, and by the United States Circuit Court of Appeals for the Eighth Circuit (Mo.) in the case of Knight Templars' and Masons' Life Indemnity Co. v. Jarman, 104 Fed. 638, 44 C. C. A. 93. Were we to discuss the question, we should merely repeat what is there said so well. The decisions are all the more satisfactory from the fact that the one is from the court of the home of the defendant, and the other from one of the national courts. Summing up the law on this point, Niblack on Benefit Societies, p. 39, has the following: "By-laws cannot be permitted to destroy or amend the express provisions of

a contract of insurance without the consent of the member."

The cases cited by the defendant, if scrutinized, will be found not to be opposed to this. In Stohr v. St. Francisco Musical Fund Society, 82 Cal. 557, 22 Pac. 1125, and Poultney v. Bachman, Treasurer, 31 Hun, 49, and in numerous other decisions of which these are types, the plaintiff had no claim except under and by virtue of the by-laws, and the right was expressly reserved "to repeal, alter, or amend" the by-laws. In the language of the court in the Stohr Case: "The plaintiff can have no right to have the contract remain unchanged, because, as we have seen, the contract itself provides that it may be changed." In the other cited cases, of which Daughtry v. Supreme Lodge of Knights of Pythias by this court (48 La. Ann. 1203. 20 South. 712, 55 Am. St. Rep. 310), is a type, the right to forfeit the policy of a member for committing suicide is put by the court upon the ground of the inherent right of a mutual benefit association to make such "a police regulation in the interest of the discipline and welfare of the endowment rank." It was a regulation for the conduct of the members, and the member had agreed in advance to be bound by all such regulations that might be made. Here precisely lies the point of distinction between that line of cases and the instant one. In the present case the change is not a matter of the regulation of the conduct of members, but is a change in the contract, irrespective of the conduct of the member. The principle of those cases is not to be carried over into cases like the instant one. This is clearly pointed out by the court in the Daughtry Case, as appears from the following excerpt, with which we shall conclude this opinion:

"Orders like the defendant association have multiplied in recent years. They are organized for the mutual benefit of the members, taking care of the sick and afflicted in life, and providing for the family of the deceased member after death. Rules and regulations, a constitution and by-laws, are enacted for their government. Every member who joins one of these orders does so with full knowledge of its laws and usages. He is bound by the constitution and by-laws, and subjects himself to their discipline in

order to receive the benefits conferred by the order. There can be no law or regulation enacted after his membership that would destroy the benefit agreed to be conferred upon him by the laws and regulations in force at the time he joined the order. His contract of insurance could not be abridged or violated without his consent. But provision is made in the constitution for its amendment, and we see no reason why the members of an association of this kind cannot, like the body politic, change its laws, enact new ones, and discipline its members by police regulations."

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.