## Court of Honor *v.* Hutchens.

[No. 5,857. Filed November 1, 1907. Rehearing denied April 24, 1908. Transfer denied February 23, 1909.]

1. Insurance.—*Suicide.*—*Provisions.*—Where assured's application for insurance provided that the insurer "shall not be responsible under this contract * * * if I should die * * * by suicide, whether sane or insane,'' and assured's certificate provided that no benefits would be paid in such case "except it be committed in

delirium resulting from illness, or while \* \* \* under treatment for insanity, or [assured] has been judicially declared to be insane; but in all cases not within said exceptions," certain sums should be paid to the beneficiary, suicide constitutes a complete defense to the contract of insurance. p. 323.

2. INSURANCE.—*Suicide.—Incontestable Clauses.—Mutual Benefit Societies.—Change of Constitution.—Effect on Contract.*—Where a mutual benefit certificate provided for non-liability in case of suicide, but assured's certificate contained a provision rendering it incontestable after two years, except for fraud, the assured committing suicide five years after the granting of the certificate, his beneficiary is entitled to the insurance therein specified, although the society, after such certificate had thus become incontestable for suicide, enacted a by-law providing for ceretain partial payments in case of suicide, such by-law being invalid as impairing the obligation of assured's contract. p. 324.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Rosa D. Hutchens against the Court of Honor. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Charles L. Wedding, William B. Risse, U. Z. Wiley* and *A. H. Jones,* for appellant.

*John W. Spencer, John R. Brill, George K. Denton* and *Robinson & Stilwell,* for appellee.

WATSON, J.—The question involved in this appeal, on which the final disposition of the cause depends, is reduced to a very narrow limit. It is not necessary to its consideration herein that the general rules governing associations doing a life insurance business, such as appellant is conducting, should be reviewed. Appellant issued to Thomas H. Hutchens a contract of membership in accordance with his written application therefor, in which appellee was designated as the beneficiary, and by the terms of which she was entitled, upon his death, to the amount of one assessment, not exceeding $2,000. The constitution and by-laws of the order were made a part of the contract.

One clause of the application was, in terms, as follows:

"I further agree that this order shall not be responsible under this contract, if my health shall become impaired by the use of narcotics, or alcoholic, vinous or malt liquors, or if I should die in consequence of a duel, or by suicide, whether sane or insane."

It is averred in an answer that said Hutchens committed suicide while sane. Under the terms of the contract stated there can be no doubt that such fact constituted a complete defense to appellee's action. The certificate contains a provision as follows:

"This order will not pay the benefits of members who commit suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or has been judicially declared to be insane; but in all cases not within said exceptions the amount of money contributed to the benefit fund by such members shall be returned and shall be paid to the beneficiaries out of said fund, in lieu of the benefit.

I hereby accept the above benefit certificate and agree to all the conditions therein contained.

Thomas H. Hutchens."

This provision in no way changes the fact that when the policy was written suicide while sane was a complete defense as against the contract of insurance. The mere return of the premium paid was not, nor did it purport to be, a carrying out of the contract of insurance on its part, so that, had the assured at once taken his own life after the policy went into effect, the appellant would have had a complete defense to an action upon the contract. The constitution of the appellant, however, at the time such certificate was issued, contained a provision as follows:

"After two years certificates of membership shall be incontestable for any cause except fraud, violation of the constitution or laws of this order or a failure to pay the assessments for the benefit and general funds, as provided by the laws."

The assured paid his assessments for more than five years. After the expiration of the two years specified in said article of the constitution said certificate became incontestable for any cause except those specified therein, and the defense of suicide was, after such period, no longer available. Appellant society, which had power under the contract to make all reasonable changes in its constitution and by-laws, enacted, after the expiration of the period as aforesaid and after the defense of suicide had become unavailable, a by-law in terms as follows:

> "If a benefit member commits suicide, whether sane or insane, voluntarily or involuntarily, there shall be payable to the beneficiary entitled thereto, five per cent of the face of the certificate for each year he shall have been continuously a member of the society, and after twenty years of continuous membership, the certificate shall be payable in full."

No question as to the authority of the society to make or change its by-laws, generally speaking, is involved in this case, but by the terms of the contract the appellant had become absolutely liable for the payment of $2,000, and could not thereafter discharge such liability to the extent of $1,500 by the enactment of a by-law, any more than it could discharge its entire liability by such an act (it admitting liability to the amount of $500). The authorities are to the effect that such a by-law, thus amended and applied to the facts before stated, is invalid, on the ground that it is unreasonable, and impairs the obligation of a contract or a vested right. *Olson* v. *Court of Honor* (1907), 100 Minn. 117, 110 N. W. 374, 8 L. R. A. (N. S.) 521; *Mareck* v. *Mutual Reserve, etc., Assn.* (1895), 62 Minn. 39, 64 N. W. 68, 54 Am. St. 613; *Royal Circle* v. *Achterrath* (1903), 204 Ill. 549, 68 N. E. 492, 63 L. R. A. 452, 98 Am. St. 224; *Supreme Council, etc.,* v. *Getz* (1901), 112 Fed. 119, 50 C. C. A. 153; *Langan* v. *Supreme Council, etc.* (1903), 174 N. Y. 266, 66 N. E. 932; *Newhall* v. *Supreme Council, etc.* (1902), 181

Mass. 111, 63 N. E. 1; *Russ* v. *Supreme Council, etc.* (1903), 110 La. 588, 34 South. 697, 98 Am. St. 469; *Hale* v. *Equitable Aid Union* (1895), 168 Pa. St. 377, 31 Atl. 1066.

The judgment is accordingly affirmed.