## COURT OF HONOR *v.* RAUSCH.

[No. 7,306. Filed October 3, 1911. Rehearing denied December 5,
1911. Transfer denied April 5, 1912.]

1. INSURANCE.—*Fraternal Insurance.—Change of By-laws.—Effect.*
—Where a fraternal society issued a certificate of insurance to one
of its members, providing for the payment of a designated and
certain sum and providing that the certificate should be incon-
testable after two years, the society could not, on the death of

the member by suicide more than five years thereafter, avoid its liability for the full amount of the certificate by reason of a by-law, adopted less than two years after the certificate was issued, providing that death by suicide would fix the amount payable on the certificate at five per cent per annum for each year of membership. p. 164.

2. INSURANCE.—*Fraternal Insurance.—Right to Change By-laws.*— Fraternal societies cannot amend their by-laws so as to impair or modify contracts of insurance previously made. p. 164.

3. INSURANCE. — *Fraternal Insurance. — Contract. — Compliance With Future By-laws.—Construction.*—Compliance with future by-laws, as used in an agreement, in the application for membership in a fraternal insurance order, that the applicant will comply with the laws and rules of the order then in force and which may thereafter be adopted, has reference to future by-laws pertaining to the duties of the members, but not affecting the rights granted by virtue of the contract of insurance. p. 165.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Elizabeth Rausch against the Court of Honor. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles L. Wedding, William B. Risse,* for appellant.
*Charles B. Harris,* for appellee.

IBACH, J.—The complaint in the case, in substance, alleges that defendant (appellant herein) is a mutual benefit society, duly organized and engaged in the business of insuring the lives of its members, that on May 8, 1903, George Rausch became a member of the society, and it issued to him a certificate of membership, whereby it promised to pay on his death the sum of $1,000 to his wife, to whom the certificate was made payable at the date of its issue; that on September 11, 1908, said George Rausch died, and up to the time of his death he had performed all the conditions required of him by the terms of his certificate, and by his contract of insurance, and that plaintiff had also done everything required of her by the terms of such certificate and contract of

insurance. It is also averred that on October 6, 1908, proof of the death of said George Rausch was made, and that the amount of the certificate was due to plaintiff on January 6, 1909.

The demurrer to the complaint being overruled, defendant filed answer, averring that said George Rausch, in his application for membership in defendant order, agreed to conform to the constitution, laws and rules of the order then in force, and which might thereafter be adopted; that he committed suicide on September 11, 1908, which was in violation of the laws of the order, and which violation fixed the amount payable on the certificate at five per cent per annum for each year of membership; that in accordance with such laws the amount due to plaintiff was $266.67, which amount had been tendered her.

Plaintiff replied to the answer, saying that at the time of the application for membership, and the issuing of the certificate sued on, there was in force a provision among the laws of the order that the certificate should be incontestable after two years, on certain conditions therein set forth, and that such provision was in force until July 1, 1903, when the repeal thereof, which was made on May 27, 1903, became effective. A demurrer to the reply for want of facts was overruled. On the issues thus formed the case was tried, and plaintiff obtained judgment for $1,000 and interest, less the amount of the tender which had been made and paid into court.

The errors relied on by appellant for reversal are: (1) the overruling of the demurrer to the reply, and (2) overruling the motion for a new trial.

It will be observed that this appeal presents very much the same question determined by this court in the case of *Court of Honor* v. *Hutchens* (1909), 43 Ind. App. 321, 82 N. E. 89. With the exception of the names of the member and the appellee in that case, the amount of the insurance, the date of

the issue of the certificate, and the date of the member's death, the pleadings are substantially the same as in the case before us.

Appellant's counsel, however, insist that there is a difference in the two cases, in that in the case just cited the insured had held his certificate for more than two years before the incontestable clause was repealed, and in this case the insured had held the certificate less than two years before the incontestable clause was repealed.

It is true that in the case at bar the insured was in possession of his certificate less than two years when appellant repealed the incontestable clause contained therein, but his death did not occur for more than five years after the issue of the certificate to him.

There is no legal difference between the two cases. The terms of the contract made by the parties fix their respective legal rights, and, so far as we are able to discover, the contract entered into between Hutchens and the insurance association is identical with that made by Rausch and the same association, appellant in the present case, and the decision of the Hutchens case is controlling here. We can only emphasize what is determined by the court in that case.

After the expiration of two years the defense of suicide became unavailable, and the contract of insurance contained in the certificate became incontestable for any reasons except those stated in the incontestable clause, which in this case are two: namely, failure to pay assessments and violating the law of the order. The certificate under consideration was issued to the insured more than five years before his death.

It has long been settled, not only by the Hutchens case, but by numerous cases determined by the courts of this State and other states, that amendments to by-laws, which may be adopted by societies such as appellant, cannot in any way change the terms of contracts previously made so as to impair or modify the obligations created in contracts of insurance.

Compliance with future by-laws has reference to such by-laws as may be adopted at some future time pertaining to the duties of the members, but cannot affect the rights

3.  granted such members by virtue of the contract of insurance. We therefore hold that appellant could not repeal· the incontestable clause of Rausch's policy, and pass a five per cent per annum by-law, and thereby lessen the liability contained in the policy when issued to decedent at a previous date, and thereby defeat appellee's right to recover the full amount of $1,000.

Counsel for appellant urge that the decision of the case of *Court of Honor* v. *Hutchens, supra,* is in conflict with the decision of the Supreme Court in the case of *Supreme Lodge, etc.,* v. *Knight* (1889), 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409. While there are points of similarity in the two cases, the Hutchens case and the case at bar can be readily differentiated from the case of *Supreme Lodge, etc.,* v. *Knight, supra,* by reference to the following words of Judge Elliott on page 498, as well as on other grounds: ''It is to be constantly kept in mind that the contract does not bind the society to pay a designated sum absolutely and at all events, but, on the contrary, the contract, by its express terms, limits the beneficiary to a specific fund derived from assessments.''

The contracts in the present case and in the Hutchens case bind the society to pay a designated and certain sum, and not a contingent sum.

The judgment is affirmed.

Lairy, C. J., Felt, Adams, Hottel, Myers, JJ., concur.

NOTE.—Reported in 95 N. E. 1018. See, also, under (1) 29 Cyc. 80; (2) 29 Cyc. 72; (3) 29 Cyc. 76. For a discussion of the validity of amendments to the by-laws of fraternal benefit societies as applied to existing members, see 1 Ann. Cas. 717; 10 Ann. Cas. 625. As to how an existing member of a beneficial association is affected by a change made in the by-laws to avoid payment in cases of suicide, see 83 Am. St. 710.