Sarah Collins JACKSON, Plaintiff and Appellee, v. GRAND LODGE KNIGHTS OF PYTHIAS, State of Louisiana, etc., Defendant and Appellant.

No. 14751.

Court of Appeal of Louisiana. Orleans.

May 21, 1934.

F. C. Querens, of New Orleans, for appellee.

F. B. Smith, of New Orleans, for appellant.

WESTERFIELD, Judge.

This is a suit by the widow and beneficiary of Alfred Jackson against the Grand Lodge, Knights of Pythias, state of Louisiana of North America, South America, Europe, Asia, Africa, and Australia, for the sum of $400, alleged to be due her as a death benefit incidental to the membership of her husband in the defendant fraternal order. The amount is admitted to be due plaintiff, but it is sought to subject this payment to the provisions of article 3, section 2, of the constitution of defendant insurance company which defers the collection of the insurance and which reads as follows:

"Upon receipt of proof of the death of a knight in good standing, the Grand Chancellor shall enter the name of the deceased upon a book to be kept for that purpose, with date of the receipt of said proof and date of the death of said member with the name, number and location of the lodge of the deceased.

"All payments for endowment must be made in accordance with the priority of their record upon the books of the Grand Lodge."

The plaintiff contends that the section of the constitution referred to is not applicable here for the reason that it was adopted subsequent to the death of her husband. Russ v. Supreme Council American Legion of Honor, 110 La. 588, 34 So. 697, 98 Am. St. Rep. 469.

There was judgment in favor of the plaintiff as prayed for and defendant has appealed.

It is unnecessary to decide the question of the applicability of the constitutional provision, for, assuming it to apply to this case, there is no proof in the record which would indicate that there are any other similar claims which are entitled to priority of payment. Mrs. Beatrice Harper, wife of Enoch Laws, v. Grand Lodge, Knights of Pythias, etc., 154 So. 69, decided by this court April 23, 1934.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.