# Barclay's Appeal.   Hooker's Estate.

1. A payment on account of an existing debt is an unequivocal acknowledgment, and will take it out of the Statute of Limitations.

2. It must *plainly* appear that the payment was on account of the very debt.

3. An independent account against a creditor in the books of a debtor amounts to nothing.

4. A charge against a creditor is no admission of another and different

debt alleged to be due by him, though evidence of that debt may be found in another part of the book.

5. Burr *v.* Burr, 2 Casey 284, remarked on.

January 7th 1870. Before THOMPSON, C. J., READ and SHARS-WOOD, JJ.  AGNEW, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia :* In the estate of Herman Hooker, deceased.

Herman Hooker died in September 1865, leaving a will with codicils, which were proved October 14th 1865.  Mary J. Hooker and Richard McCauley, the executors, settled an account, showing in their hands a balance of $9053.01.  The account was referred to James H. Campbell, Esq., as auditor, for adjustment and distribution.  After making some alterations in the account, the auditor found the balance for distribution to be $9553.

The only matter controverted in the Supreme Court was a claim made by James J. Barclay, administrator, &c., of Charles H. Alden, deceased.  This claim was founded on the following obligation, not under seal, dated February 1st 1841:—

" We, Herman Hooker and Samuel Agnew, of the firm of Hooker & Agnew, of Philadelphia, hereby acknowledge to be due to Charles Henry Alden, of Philadelphia, the sum of $4000, which sum was loaned to the late firm of Hooker & Claxton, and is by this instrument transferred as a loan also to us.  This sum we agree to pay in full to the said Charles Henry Alden, his heirs, executors or assigns, at the expiration of eight years from this date and not before ; provided the firm be not previously dissolved, and provided also we pay to the said Alden portions of the said sum in amount not less than $500 at any one time within the said space of eight years : provided also, we pay to the said Alden semi-annually, on the first days of January and July of each year, legal interest on the said sum of $4000.

" In the contingency of failure in business, we hereby agree to consider the above sum as a preferred debt."

The principal contention as to this claim was, whether it was barred by the Statute of Limitations.  Alden died before January 20th 1847.  The only evidence of a recognition of this debt was found in the books of Hooker, which were produced before the auditor by his executors and offered in evidence by the administrator of Alden.  In these books there was an account with Alden, commencing February 13th 1841, in " Ledger No. 1, folio 78," containing debits and credits, each side for merchandise and cash. This account was continued to October 20th 1845, when it is carried to folio 420, and, without break or change, up to January 10th 1848 ; when, without balancing or footing it up, the name " Mrs. Alden" is brought into it, and it is footed up at $239.16, " to folio 423."

At folio 420, also in same ledger, an account is opened to "J. J. Barclay for the estate of Mr. Alden," commencing April 16th 1847, and containing charges only, amounting to $1309.20; this amount is carried to "New Ledger."

The account in the name of Mrs. Alden is continued on folios 423, 425, and in Ledger No. 2, through several folios, until July 2d 1855, when the debits of her account amounted to $1661.27, and she was credited by that "amount to J. J. Barclay." This closed her account to that date.

On the 3d of February 1851 the account of "J. J. Barclay" is opened in "Ledger No. 2." He is charged with "amount from old ledger," being the above amount, $1661.27, of Mrs. Alden, and other items to July 2d 1855; and credited: "1855, July 1st. By amount of note originally given to C. H. Alden for money loaned, $4000," leaving a balance in Barclay's favor of $829.53, which is carried to "New Ledger."

The account against Mrs. Alden is again opened, in Ledger No. 3, August 20th 1855. The debits are for merchandise, cash, &c., and on May 1st 1857, the amount against her was $313.44; on that day there is a credit, "By J. J. Barclay, administrator, for amount of her bill rendered to date, $313.44."

There is another account of "J. J. Barclay, administrator of C. H. Alden," commencing January 15th, and ending October 1st 1857. Of the debits one is Mrs. Alden's account, $313.44, and another, "Cash $100." He is credited with $829.23, "amount from old ledger"; this leaves a balance of $416.09 in his favor, which is carried, as of October 1st 1857, to Ledger No. 4. This is the last account with Barclay.

In Ledger No. 4 there is an account opened with Mrs. Alden. It commences September 11th 1856, and continues till April 27th 1857. The debits then amounted to $145.48, and were all for merchandise. The credits to that date were, "Merchandise, $1," "H. Hooker, $144.48," the latter dated May 1st 1857, then balancing the account; after this time there were no credits to Mrs. Alden. The account continued against her with charges of merchandise, cash, "order C. H. Alden," &c., till June 28th 1859. After which followed these three items:—

"1860.

| May 8th, | " | per draft Alden | $5 64 |
| July 2d, | " | Burns & Sieg's draft, | 30 99 |
| 1861. | | | |
| January 1st, | " | "　　"　　" | 9 76" |

The whole including the items after May 1st was footed up, $309.79; after this there was no other account with Mrs. Alden. The auditor reported allowing the Alden claim.

On exceptions by the executors of Hooker, the Orphans' Court

[Barclay's Appeal.]

(Ludlow, J., delivering the opinion) sustained the exceptions for the reason that there was no evidence "reviving the debt or preventing the operation of the statute," and recommitted the case to the same auditor, "with instructions to readjust his report in conformity with these views."

The auditor accordingly, in another report, disallowed the Alden claim. To this report exceptions were filed, which were dismissed and the report confirmed absolutely, December 13th 1869.

The executors of Alden appealed to the Supreme Court, and assigned the decree of confirmation for error.

*G. W. Biddle*, for appellant.—The Statute of Limitations was no bar: McCandless' Appeal, 11 P. F. Smith 9.

*J. H. Gendell* and *E. S. Miller* (with whom was *W. Vogdes*), for appellees.

The opinion of the court was delivered, January 13th 1870, by

SHARSWOOD, J.—There can be no more unequivocal acknowledgment of a present existing debt than a payment on account of it, and according to all the authorities, this is all that is required to take a case out of the Statute of Limitations. But then it must plainly appear, and not be matter of conjecture merely, that the payment was made on account of the very debt which is in dispute. This principle was settled in Burr *v.* Burr, 2 Casey 284, which, whatever may be thought of the propriety of the application of it to the facts of that case, stands so far as regards the principle itself, unimpeached. Certainly an independent account standing in the books of the debtor against the creditor, amounts to nothing at all. Such really was the most that can be said of the evidence relied on in this case, if even so much as that can be said. That assumes that the charges against Mrs. Alden were charges against the administrator. It is clear that a charge against the creditor is no admission of another and different debt alleged to be due by him, though evidence of that debt may be found in the same book. The account however in which the items of charge within the six years are found is not an account against the decedent or his administrator, but against Mrs. Alden the widow. It is true that it does appear from the same books that previous charges of the same character, after having been first entered separately, were subsequently brought into and entered in accounts with the administrator as credits against what was undoubtedly the debt in controversy. Had the amount of the charges in the last account against Mrs. Alden, including the three items bearing date within the six years, been entered in like manner in an account with the administrator, it would have been unanswerable.

But this was not done.    In the first account with the administrator, in which the note for $4000 is credited and debits from a previous account with him, there is also the debit of an amount from the account against Mrs. Alden.    This was July 2d 1855. The same thing is repeated in a subsequent folio, brought down to May 1st 1857.    The balance of that account, $416.09, is carried over to a new account with the administrator, and is entered as of the date of October 1st 1857.    But on the other side of that new account there is no entry of any debit.    On a separate folio from May 2d to June 28th 1857 there are several charges against Mrs. Alden, and then, after an interval of nearly two years, two items in 1860 and on January 1st 1861, in all $46.39. These are the entries which it is contended take the case out of the statute.    They are not entered as payments nor as debits against the administrator, but as charges against Mrs. Alden. Had the debt in dispute been fully paid, these entries might have been made.    How then can they be regarded as clear evidence that at the time he made them the debtor acknowledged this debt as then subsisting?    We may conjecture that there was an agreement between the debtor and the administrator that whatever Mrs. Alden was properly charged with should be credited against the debt, but after all it is mere conjecture with no evidence to support it.    It would be quite as reasonable on the other hand to surmise that on the 2d of July 1855, the administrator, being satisfied of the correctness of the charges against Mrs. Alden, agreed to allow the amount as a credit, and that on October 1st 1857, the same arrangement and settlement took place.    Indeed this conjecture is more plausible than the former one; for if there was an agreement that whatever Mrs. Alden received should be allowed on this account, why were not the items so entered as they arose, and why especially when the credit of $416.09 to the administrator was carried over to a new account on October 1st 1867, was no entry made on the other side of $23.21, which stood charged to Mrs. Alden between May 1st 1857 (the date of her last account debited to him) and October 1st 1857, the date of the entry of the balance to his credit?    It is all mere conjecture. It is impossible therefore to see in these books any sufficient evidence of an agreement accepted by the debtor to allow whatever might be justly charged to Mrs. Alden as a credit against this debt, and any evidence whatever of an actual credit of the three items of 1860 and 1861.

The determination of this question adverse to the appellant renders the examination of the other points unnecessary.

Decree affirmed, and appeal dismissed at the costs of the appellant.