## Commonwealth v. Houghton, Appellant.

*Jury—Verdict—Record—Practice, Q. S.*

A writing prepared in the jury room and presented to the court forms no part of the record.   The finding delivered by the jury in open court decides the issue, and what is recorded by the court is the only proper verdict.

*New trial—Discretion of court—Appeals.*

The refusal of the court to grant a new trial, being purely a question of discretion, is not ordinarily assignable for error.

*Appeals—Assignments of error—Charge of court.*

An assignment of error complaining of a portion of the charge will not be considered where the portion of the charge complained of is not quoted totidem verbis in the assignment.

Argued Dec. 8, 1902.   Appeal, No. 62, April T., 1903, by defendant, from judgment of Q. S. Erie Co., May T., 1902, No. 24, on verdict of guilty in case of Commonwealth v. S. T. Houghton.   Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Indictment for larceny and for receiving stolen goods.   Before WALLING, P. J.

At the trial the jury returned a verdict in open court of "guilty on the fourth count of the indictment, receiving stolen goods."   A paper signed by the foreman of the jury filed among the papers in the cause stated that the jury found "defendant guilty of receiving stolen goods."   The defendant subsequently moved to amend the record by striking out from the recorded finding of the jury the words "on the fourth count in the indictment," and inserting in their place the word "of." The court refused the motion.

The court passed judgment of sentence on the verdict.   Defendant appealed.

*Errors assigned* were as follows :

1. The court below erred in refusing the motion to correct and amend the record.

2. The court below erred in refusing the motion for a new trial.

3. The court erred in refusing the motion in arrest of judgment.

4. The court erred in instructing the jury that they might find the defendant guilty of receiving stolen goods without further instructing them that the defendant must have had guilty knowledge.

5. The court erred in instructing the jury that the theories of the commonwealth claimed their particular attention when there was no evidence in support of those theories.

6. The court erred in instructing the jury that they should consider what the commonwealth urged without further in-

structing them that there should be some evidence upon which to base the urging.

*U. P. Rossiter*, for appellant.

*Milton W. Shreve*, for appellee.

PER CURIAM, January 20, 1903 :

Defendant was convicted in the court below of receiving stolen goods. The court, in its charge to the jury, said: " As to receiving stolen goods, if you do not find that he stole them but are satisfied that he received them, then you can find him guilty on the fourth count in this indictment." The record shows that the jury " say, September 9, 1902, they find the defendant guilty on the fourth count in the indictment—receiving stolen goods." It is urged here that the memorandum submitted to the clerk by the jury omitted the words " on the fourth count in the indictment." We are bound to take the record as it is. But it is alleged that the paper returned by the jury is on file. This does not make it a part of the record. There is, therefore, nothing by which the record can be corrected, even if there were any irregularity in it, which in our opinion there is not. We said in Com. v. Mills et al., 3 Pa. Superior Ct. 161 : " The writing prepared in the jury room and presented to the court forms no part of the record. The finding delivered by the jury in open court decides the issue, and what is recorded by the court is the only proper verdict." This practically disposes of the first and third assignments of error.

As to the second—the refusal of the court to grant a new trial—being purely a question of discretion, is not ordinarily assignable for error, and this case is not in any respect exceptional.

All of the other assignments are in violation of Rule 15 which requires that " When the error assigned is to the charge of the court or to answers to points or to findings of fact or law, the part of the charge or the points and answers or findings referred to must be quoted totidem verbis in the assignment." No part of the charge, of which the appellant complains, is quoted. His conclusions as to what the charge meant or as to its unfairness, or as to the failure of the court to instruct, do not concern us

so much as what the court actually said, from which we may judge for ourselves as to positive errors or infer the failures complained of, but nowhere is there contained in any of the assignments a single word of what was said by the court in the charge.

We may say, however, that, upon a careful reading of the charge, we find it clear and painstaking. The rights of the defendant were carefully guarded and the essentials of the crime of which the defendant was convicted, as to which also there was sufficient evidence, fully stated.

The defendant suffered no harm, of which he could justly complain, at the hands of the court.

Judgment affirmed.