## Wike v. Woolverton, Appellant.

*Pleading—Evidence—Practice, C. P.—Appeals—New trial.*

Where an issue between the parties is a pure question of fact and the issue has been tried upon the merits, the appellate court will not reverse the judgment, because the court admitted evidence of an express contract, while the statement was on an implied contract on the quantum meruit, and it appears that the statement in fact averred that the price of the work was a sum stated.

An assignment of error to the refusal of the court to grant a new trial will only be considered in exceptional cases.

Argued Oct. 28, 1904.    Appeal, No. 182, Oct. T., 1904, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1902, No. 19, on verdict for plaintiff, in case of Alex. Wike v. Wm. H. Woolverton.    Before Rice, P. J., Smith, Porter, Morrison and Henderson, JJ.    Affirmed.

Assumpsit for work and labor.    Before Woods, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,260.58.    Defendant appealed.

*Errors assigned* were various rulings in evidence and instructions.

*Thomas F. Bailey*, with him *H. H. Waite* and *Chas. C. Brewster*, for appellant.

*W. H. Woods*, with him *James S. Woods*, for appellee.

OPINION BY MORRISON, J., December 21, 1904 :

In this action in assumpsit there was a verdict in favor of plaintiff and judgment thereon and the defendant appealed. A careful examination of the testimony and the charge of the court leads us to the conclusion that the case was fairly tried, and that the assignments of error do not raise any sufficient ground for reversal.

The disputed question was whether the plaintiff was entitled to receive thirty-five cents per cubic yard for moving 10,685 yards of dirt as he claimed, or twenty-five cents per yard as contended by the defendant. The learned court below affirmed all of the defendant's points and submitted the question of fact to the jury in a charge which is noticeable for its fairness and impartiality. The assignments of error are numerous and elaborate but they do not require extended discussion. The main question of complaint is that the court permitted the plaintiff to prove an express contract when the statement alleged an implied contract on the quantum meruit and quantum valebat. While the statement is not very well drawn yet it states the plaintiff's claim quite plainly and it does aver the price per yard to be thirty-five cents. This gave the defendant notice from which he ought to have understood that evidence would be offered to sustain that charge. The defendant did not demur to the statement, but pleaded to it and tried the case upon its merits.

The many cases cited in the appellant's argument do not satisfy us that the court erred in admitting evidence that the contract was at thirty-five cents per cubic yard. Most of the authorities cited are cases where the sufficiency of the declaration or statement was raised by demurrer or on motion for a more specific statement. When parties dispute upon a question of pure fact and have joined issue and tried the question on its merits, the courts are not swift to sustain fine technical objections to the pleadings. We discover no reason why the case could not be fairly tried on the pleadings, and we have

already said we think it was tried with eminent fairness : Schofield v. Lafferty, 17 Pa. Superior Ct. 8.

It is also complained that the court told the jury in the charge that they might consider " those things that go to corroborate his testimony, that that contract was to be at thirty-five cents per yard." It is contended that there was nothing in the evidence tending to corroborate the plaintiff. We think the court below was warranted in giving this instruction. It cannot be justly said that there was no evidence or circumstances tending to corroborate the plaintiff.

Much is said in support of the contention that the court erred in refusing a new trial. We have examined this assignment and the reasons advanced in support of it with some care and it cannot be sustained. It is only in exceptional cases that we will consider an assignment of this character and reverse the court below for refusing a new trial. We are very sure this is not one of the cases where we should reverse on that ground : Commonwealth v. Houghton, 22 Pa. Superior Ct. 52.

The assignments of error are all dismissed and the judgment is affirmed.