## Tyers *v.* Kuhn, Appellant.

*Statute of limitations—Payment on account—Identification of debt—Evidence—Question for jury.*

1. There can be no more unequivocal acknowledgment of a present existing debt than a payment on account of it, and this is all that is required to take a case out of the statute of limitations; but it must plainly appear, and not be a matter of conjecture merely, that the payment was made on account of the very debt which is in dispute.

2. In a judicial inquiry the identification of a debt, like that of a person or other object, is a fact to be established by proof. If there is sufficient evidence on the subject, the question is one to be resolved by the jury under proper instructions from the court.

3. In an action to recover a debt incurred in 1894, there is sufficient evidence to submit to the jury as to whether the debt was taken out of the statute of limitations, if the plaintiff shows that in 1904, he received from the defendant a check for $50.00, accompanied by a letter in which defendant said: "I do not know of my knowledge what I owe you, but

I have no doubt you have it correct. I'll send you some from time to time as I can until it is paid," and plaintiff further shows that prior to the letter defendant had received from plaintiff a statement of the amount of the debt due, and there is no evidence that any other debt was due than the one represented by the account.

Argued May 16, 1912. Appeal, No. 133, April T., 1912, by defendant, from judgment of C. P. No. 4, Allegheny Co., No. 540, Second Term, 1908, on verdict for plaintiff in case of W. W. Tyers v. David Wilson Kuhn. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for money due on an account. Before CARNAHAN, J.

At the trial it appeared that the debt in question was incurred in 1894. In 1904, plaintiff received from defendant the following letter:

" Dear Tyers:

" I enclose my check for $50.00. I do not know of my own knowledge what I owe you but I have no doubt you have it correct. I'll send you some from time to time as I can until it is paid. I wish you a very Merry Christmas and happy new year—

" Sincerely
" (Signed) D. W. KUHN.

" Dec. 24th, 1904."

Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $834.72. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*George C. Bradshaw,* for appellant.—Payment accompanied by a promise inconsistent with an absolute promise is not sufficient to toll the statute of limitations: Fries v. Boisselet, 9 S. & R. 128; Palmer v. Gillespie, 95 Pa. 340; Bailey v. Bailey, 14 S. & R. 195.

The debt was not sufficiently identified: Shaffer's Estate, 228 Pa. 36; Painter's App., 18 W. N. C. 441; Miller v. Baschore, 83 Pa. 356; Chapman's App., 122 Pa. 331; Linderman v. Pomeroy, 142 Pa. 168; Ward v. Jack, 172 Pa. 416; Landis v. Roth, 109 Pa. 621; Rosencrance v. Johnson, 191 Pa. 520; Lowrey v. Robinson, 141 Pa. 189; Laforge v. Jayne, 9 Pa. 410; Chandler v. Glover, 32 Pa. 509; Cocks v. Weeks, 7 Hill, 45; Tompkins v. Brown, 1 Denio, 247; Boynton v. Moulton, 159 Mass. 248 (34 N. E. Repr. 361); Tanner v. Smart, 6 Barn. & Cress. 603.

There was no proof of fulfillment of condition by showing ability of defendant to make payment.

*W. K. Jennings,* with him *D. C. Jennings,* for appellee.— The plaintiff in this suit relied not upon the promise to pay contained in defendant's letter of December 24, 1904, but upon the payment of the $50.00 on account of the debt which accompanied that letter: Barclay's Appeal, 64 Pa. 69; Wesner v. Stein, 97 Pa. 322; Foringer v. Sisson, 14 Pa. Superior Ct. 266.

Opinion by Head, J., October 14, 1912:

As long ago as 1822 Chief Justice Tilghman, in Fries v. Boisselet, 9 S. & R. 128, said: "It would be a laborious and unprofitable task, to examine all the cases which have been decided, on the statute of limitations." With some added force and propriety may that statement be repeated now when nigh a century of litigation has increased by a legion the cases then in contemplation of that distinguished judge. Farther along in the same opinion he declares this principle as properly deducible from all of the cases, to wit: "The principle which I consider as established with us, is, that the acknowledgment of the debt is sufficient evidence to infer a promise to pay, unless it be accompanied with words inconsistent with a promise."

Where a plaintiff, seeking to escape the bar of the statute, must rest his all-important acknowledgment on certain words uttered or written by the debtor, difficult ques-

tions often necessarily arise. But where he can rely on a payment made, within the statutory period, on account of the debt sued on, his case is at once simplified. It was said by Mr. Justice SHARSWOOD, in Barclay's App., 64 Pa. 69: "There can be no more unequivocal acknowledgment of a present existing debt than a payment on account of it, and according to all the authorities, this is all that is required to take a case out of the statute of limitations. But then it must plainly appear, and not be a matter of conjecture merely, that the payment was made on account of the very debt which is in dispute." In the case before us the plaintiff relies on such a payment. As to the fact of a payment within the statutory period on account of some debt, there is and can be no dispute. It was made by a check inclosed in a letter which is in evidence. Was the payment, admittedly made, on account of the debt sued on?

In a judicial inquiry the identification of a debt, like that of a person or other object, is a fact to be established by proof. In such a case there is of course the preliminary question of law to be determined by the court, to wit: Is there any evidence to be submitted to the jury sufficient to warrant the finding upon which the plaintiff must rely? If there be such evidence, then the question is one to be resolved by the jury under proper instructions from the court.

As we have already seen in the case before us, the fact of a payment is admitted. To enable the jury to identify the debt upon which that payment was made, the plaintiff, who was a competent witness for that purpose, took the stand. He testified, that at the time payment was made, and before and since, there was no other debt due and owing to him from the defendant except the one on which his suit was founded. He declared that the payment was made on account of that debt and had been so credited. The defendant made no attempt to deny this testimony or to assert that there was any other debt in existence due and owing from him to the plaintiff except

the one sued on. The plaintiff further testified that some time before the admitted payment he had sent to the defendant a statement of his indebtedness similar in all respects to the account sued on. In the letter inclosing the check in part payment of some debt, the defendant said: "I do not know of my own knowledge what I owe you, but I have no doubt you have it correct." What would be the natural inference that a jury might draw from the use of the language quoted, "but I have no doubt you have it correct"? How could the defendant know the plaintiff's idea of the debt due him except from the statement furnished? That statement, under the evidence, was the only thing which the defendant could have had in mind when he said, my debt to you as you have it, that is, as you state it, is correct. It cannot be that, in the absence of any testimony by the defendant that there was some other debt to which his payment might or should have been applied, a jury ought not to be permitted to find from the evidence thus before it that the debt on which the payment was made was in fact the debt sued on. This question of fact was submitted by the learned trial judge to the jury in a charge which was certainly as favorable to the defendant, under all of the circumstances, as he had any right to expect. The verdict of the jury is the evidence of their conclusion that there was but one debt, to wit, the debt sued on, and that the payment had been made on account of it.

Now there may be cases where a payment is made, but is made under such circumstances or accompanied by such a statement as would necessarily overthrow the legal presumption that the payment was an acknowledgment of a further or additional debt and consistent with a promise to pay it. It is clear that where a debtor makes a payment but accompanies it with a statement that this is all he owes and that he will pay no more, the law could imply no promise by him to make a further payment in the face of his express repudiation of such an intention. There is nothing, as we view it, in the letter of the defendant in-

closing the check which could bring this case within the class just referred to. "I will send you some from time to time as I can until it is paid." This may be and doubtless was indefinite as to the time when further payments would be made. If the plaintiff had nothing on which to rely except the promise contained in the language just quoted, it may well be he would find difficulty in maintaining his action, but he relies on his payment. The jury has determined that payment was made on account of the debt sued on. Such a payment was, in the language of Mr. Justice SHARSWOOD heretofore quoted, an absolute unequivocal acknowledgment of an existing debt which the law says is consistent with a promise to pay such debt, unless that implied promise be controverted by some statement of the debtor repudiating any intention to pay more. There is nothing we can discover in the language of the letter quoted which in reason or authority should have the effect of destroying the legal presumption that would attach to a partial payment within the statutory period of the debt sued on.

As the controlling questions of fact were submitted by the learned trial judge to the jury in a charge which recognized every right in the defendant accorded to him by the law, we must accept their verdict as establishing every fact necessary to toll the statute which was the only defense offered by the defendant. The assignments of error are therefore overruled.

Judgment affirmed.