# Mellott *v.* Mellott, Appellant.

*Evidence—Books of account—Harmless error.*

1. In an action between two lumbermen engaged in cutting and logging timber the admission in evidence of slips and memoranda made by plaintiff's sawyer, not properly books of account, is not ground for a reversal of the judgment in favor of the plaintiff, where it appears that

the sawyer testified positively in regard to all the work in question, and used the slips only to refresh his recollection in regard to the details of the work, and eleven employees of the plaintiff testified in such a way that all ambiguities in the slips and memoranda were explained to the jury.

2. When parties dispute upon a question of pure fact and have joined issue and tried the question, the courts are not disposed to sustain fine technical objections which do not vitally affect the result.

Argued Oct. 22, 1913. Appeal, No. 280, Oct. T., 1912, by plaintiff, from judgment of C. P. Fulton Co., March Term, 1912, No. 45, on verdict for plaintiff in case of Walker Mellott v. Rowe Mellott. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit for balance of account. Before Swope, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $125.87. Defendant appealed.

*Errors assigned* were to the admission of various slips and memoranda referred to in the opinion of the Superior Court.

*Charles Walter*, of *Walter & Gillan*, with him *S. W. Kirk* and *O. C. Bowers*, for appellant, cited: Forsythe v. Norcross, 5 Watts, 432.

*John P. Sipes*, for appellee, cited: Vallee Bros. Electrical Co. v. North Penn Iron Co., 32 Pa. Superior Ct. 111.

Opinion by Orlady, J., February 20, 1914:

All the assignments of error challenge the action of the court in admitting in evidence, under objection, certain memoranda alleged to be books of account and original entries showing the transactions between these parties. Standing alone the objections were well taken,

but in the light of the other evidence in the case they did the defendant no material harm.

The plaintiff and defendant were engaged in the manufacture of lumber; each filling orders as they were received from the trade. The defendant was unable to fill his orders and orally arranged with the plaintiff to furnish the bill stuff that he could not supply from his own operation. He gave; orders at different times, and these provided for a variety of sizes and quality, as the bills of the defendant indicated. The only definite feature of the agreement was the scheduled prices to be paid for the cutting and logging the timber. Both were active lumbermen, but unlearned in the craft of bookkeeping and of making formal writings. The plaintiff kept such accounts and memoranda of all the transactions as are usually kept in a logging job, about a country sawmill. The defendant did not keep any account of the work done or of the goods furnished, at least he did not offer any testimony on the trial.

These memoranda as made by the plaintiff and his employees are admittedly imperfect in form. A trained bookkeeper would have kept a more precise record, but a trained bookkeeper is never found at a portable mountain sawmill. It is conceded that they do not measure to the requirements of the law in being called book accounts. A mill book was kept by the sawyer, showing tallies of work done and lumber manufactured to meet the bills of the plaintiff. The original bills were not produced, but it was not claimed that they were not faithfully filled and the lumber called for by them delivered. The sawyer's memoranda is everywhere recognized as the record of the work done at the mill, and when approved by the inspector, it forms the basis for the payment of the men engaged on the job, as well as for the output of the mill. The plaintiff's right to recover did not depend on these slips and memoranda being received in evidence, as Ranald Millott, the plaintiff's sawyer, whose business it was to keep the tally check of this

work, testified positively in regard to all the work done on the mill, and only used the slips to refresh his recollection in regard to the details of his work. Eleven employees testified in support of the plaintiff's contention and explained their relation to the work, so that every ambiguity in the slips, memoranda or statements was explained to the jury. Had the defendant complained of entries being excluded, the verdict would doubtless have been the same, and even if they were erroneously received, it was harmless error and not sufficient to warrant a retrial of the case. The trial judge felt that they should be received in evidence and examined by the jury "so that the case would be determined on its merits." When parties dispute upon a question of pure fact, and have joined issue and tried the question the courts are not disposed to sustain fine technical objections which do not vitally affect the result: Wike v. Woolverton, 26 Pa. Superior Ct. 561.

This trial resulted not only in substantial but exact justice, under the evidence or at least the defendant is not in a good position to be heard in complaint of the amount of the verdict because he offered no evidence to affect the result. A judgment will not be reversed for an immaterial error which does the party no harm: Shultz v. Seibel, 209 Pa. 27; Penna. Railroad v. Railroad, 219 Pa. 361.

The aggregate of the plaintiff's claim was $1,326.63, on which he admitted credits of $1,190.76, leaving a balance of $125.87, for which amount the jury returned a verdict in his favor.

The judgment is affirmed.