## Grosch *v.* Trexler, Appellant.

*Statute of limitations—Payment to bar claim.*

A claim for work and labor done is not barred by the statute of
limitations if it appears that a payment on account of the claim
had been made within the six years.

*Evidence—Book of accounts—Time book.*

In an action for work and labor done where oral evidence has
been presented by the plaintiff to sustain his claim, a time book
is admissible to corroborate such testimony, which shows on its

Syllabus—Assignment of Errors. [66 Pa. Superior Ct.
face that it was fairly kept as a contemporaneous record of daily
work.

In such a case where the defendant claims and produces checks
to show that the plaintiff had been paid in full, the plaintiff may
use memorandum slips to refresh his memory in order to show
that the checks were not given to pay for the work and labor for
which suit was brought but for the payment of supplies, and for
other labor than that involved in the suit.

Argued Dec. 7, 1916. Appeal, No. 235, Oct. T., 1916,
by defendant, from judgment of C. P. Lehigh Co., Sept.
T., 1915, No. 63, on verdict for plaintiff in case of John
A. Grosch v. D. D: Trexler. Before ORLADY, P. J.,
PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS,
JJ. Affirmed.

Assumpsit for work and labor. Before GROMAN, P. J.

At the trial the court admitted under objection and ex-
ception a time book offered to corroborate oral testi-
mony as to work and labor done. (3)

The defendant offered in evidence various checks
which would have liquidated plaintiff's bill for work and
labor. Under objection and exception the plaintiff was
permitted to use memorandum slips to refresh his mem-
ory in order to show that the checks were not given for
the work and labor for which suit was brought, but for
the payment of supplies and for other labor than that in-
volved in the suit. (4)

Defendant presented this point:

1. The plaintiff cannot recover for services performed
longer than six years prior to the issuing of the writ.
Answer. Refused. (6)

Verdict and judgment for plaintiff for $386.25. De-
fendant appealed.

*Errors assigned,* among others, were (3, 4) rulings on
evidence quoting the bill of exceptions and (6) refusal
of point as above.

485, (1917).]          Opinion of the Court.

*Jacob Erdman,* with him *Samuel J. Kistler,* for appellant.

*Adrian H. Jones,* with him *George A. Miller,* for appellee.

OPINION BY KEPHART, J., March 16, 1917:

Plaintiff sued to recover on a contract for proving coal on a tract of land in which the defendant was interested. The defendant set up the plea of the statute of limitations, which was met by proof that a payment on account of the claim had been made within six years of the time suit was instituted. The major portion of the claim was for services prior to the period of payment, and without the six years, but a payment within six years would toll the running of the statute. There can be no more unequivocal acknowledgment of a present existing debt than payment on account of it, and according to all authorities this is all that is required to take the case out of the statute of limitations: Tyers v. Kuhn, 52 Pa. Superior Ct. 24; Barclay's App., 64 Pa. 69.

Oral evidence had been given by the plaintiff and his two sons to sustain their claim. A time book was then offered in evidence to corroborate this testimony. It was shown that the entries therein were made daily at the time the transaction noted took place. The rate of pay and the total amount charged were correctly set forth. Though this book was not what might be technically known in bookkeeping as a book of original entry, it did contain, in substantial form, a complete record of the business relations between these parties. It was the only book appellant kept, and an inspection of it would show whether it was fairly kept as a contemporaneous record of daily work. It was substantially a book of original entries as between these parties, and certainly was evidence to corroborate other evidence establishing the claim in litigation. The book was then admissible, if for nothing more, than with the same effect as the time slips in

Mellott v. Mellott, 55 Pa. Superior Ct. 614, and Hupp Machine, Etc., Co. v. Loux Sons, in an opinion just handed down by this court.

The objection to the use of memorandum slips to refresh the recollection of the witnesses in testifying as to the money paid by the plaintiff for the defendant on account of materials purchased, is without merit. This evidence was brought out by the defendant's introduction of checks given to the plaintiff, which would have liquidated his bill for services. It was necessary to explain that transaction. The evidence was entirely competent for this purpose, and could not be considered a variance from the pleadings.

While the charge of the court was not as full as it might have been on the law of the statute of limitations in its application to the facts in the case, we think the defendant suffered no substantial harm. A request should have been made for a more specific instruction if desired.

The assignments of error are overruled and the judgment is affirmed.