# Terry *v.* Duell, Appellant.

*Evidence—Use of memoranda to refresh recollection—Technical objections.*

A book containing memoranda entered daily, showing dates, hours worked, number of teams employed and amount of charge, may properly be used by the person who made the entries to refresh his memory while testifying although it could not be permitted to be used as one of original entry. It is immaterial that the record might have been more precise and accurate.

Where parties dispute upon a question of pure fact and try the question to its conclusion the courts are not disposed to sustain fine technical objections which do not enter into the case.

Argued November 15, 1920. Appeal, No. 141, Oct. T., 1920, by defendant, from judgment of C. P. Bucks County, March T., 1920, No. 70, on verdict for plaintiff in the case of Benjamin F. Terry v. W. Sackett Duell. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for compensation alleged to be due for services rendered and materials furnished. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $714.87. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*Thomas Ross,* for appellant.—The plaintiff's book having been properly excluded he should not have been allowed to use it in refreshing his memory. The charge of the court gave undue emphasis to the evidence of the plaintiff: Gibson v. Campbell, 242 Pa. 551; McKnight v. Newell, 207 Pa. 562; Mellott v. Mellott, 55 Pa. Superior

38, (1921).]    Arguments—Opinion of the Court.
Ct. 14; Renn v. Tallman, 25 Pa. Superior Ct. 503; Blank
v. Barnhart, 17 Pa. Superior Ct. 217.

*J. Hibbs Buckman,* of *Buckman & Buckman,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The plaintiff was the owner of several teams which he used for light work in cultivating out-lots and general hauling service. The defendant owned a country seat, was the tenant farmer of several adjoining farms of considerable acreage, and employed the plaintiff to do work thereon and furnish certain fertilizing material. The services were rendered from April to August, 1918, and unfortunately for the parties, no fixed price was agreed upon. There is no question about the service being rendered, the only dispute is as to the proper rate of charge per day for the plaintiff and his teams. This item of dispute was fairly and clearly left to the jury, who found in the plaintiff's favor.

The principal contention is in regard to the manner in which the accounts of the plaintiff were kept. He testified as to his manner of doing the work and the method he followed in keeping his accounts. Every night, at the completion of his work he made a memoranda in his book of the work done. These entries were made by himself each night, as had been his custom for more than seven years, keeping the date, the hours worked, the number of teams employed and the amount of charge. On the trial objection was made to his reading from this book as one of original entries, when the court held that he was entitled to refresh his recollection by referring to his memoranda made at the time the services were rendered, though not permitted to testify from them as books of original entries. In this there was no error.

Substantially the same question was presented in Mellott v. Mellott, 55 Pa. Superior Ct. 614, in which we held that the memoranda made by the plaintiff in that case,

while imperfect in form, might yet be accurate in substance. While a trained bookkeeper would have kept a more precise record, such a qualified accountant is never found at a portable mountain sawmill, or as in this case, in the employ of a local drayman teamster.

When parties dispute upon a question of pure fact and have joined issue and try the question to its conclusion, the courts are not disposed to sustain fine technical objections which do not enter into the case.

The judgment is affirmed.