## Erwin, Appellant, v. World Mutual Health & Accident Insurance Company.

Argued April 22, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

204

*S. H. Huselton,* for appellant.

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* with him *William Anderson, Jr.,* for appellee.

OPINION BY JAMES, J., July 10. 1936:

Appellant brought her action of assumpsit in the County Court of Allegheny to recover the sum of $451.95, premiums paid on a disability and death policy of insurance. The policy was originally issued on May 8, 1902, by the Gibràlter Beneficial Society, which has since been assumed by the World Mutual Health and Accident Insurance Company, appellee. Appellant based her claim upon the refusal of the defendant company, on or about June 1, 1933, to accept further payments on the policy, which claim was denied by the insurance company. In its affidavit of defense, the company averred its willingness to reinstate the policy upon payment of the proper premiums due, which offer was reiterated at the trial and at the argument before the Bar of this court; the offer was refused, appellant insisting upon the payment of all premiums that had been paid since the issuance of the policy. The case was heard by PIEKARSKI, J., without a jury, who, at the conclusion of the appellant's case, entered judgment in favor of the defendant. Plaintiff's motion to open judg-. ment and for a new trial being refused, this appeal was taken.

Appellant's testimony, if believed, was to the effect that on June 1, 1933, a tender was made, to a man who had been collecting the premiums, of the sum of $1.15, the monthly premium due upon the policy, which he

refused to accept "because he was not supposed to collect from you people any more." On the following day, a sister of the plaintiff went to the office of the defendant insurance company—its location being not very definite in her testimony—and tendered the premium due to some unknown person, who, in refusing to accept it, said, "We are not supposed to collect money from you people." The record discloses no further effort to make a tender. In addition, the plaintiff called the vice-president of the defendant company, for cross-examination, who testified that the agent of the company had not been instructed to refuse any more premiums or to forfeit the policy.

In its opinion, refusing the motion for the new trial, the court said: "At the trial of the case, before the Court without a jury, an attempt was made by the plaintiff to show that the defendant refused to accept premiums on the policy, but the testimony was so uncertain not only as to the authority of the collector to refuse the payments, but also as to tender of premiums at the office of the defendant company, that, upon motion of counsel for the defendant, judgment was given in its favor. ...... At the trial of the case the evidence did not show that the defendant refused the premiums when offered. It was merely shown that a collector refused to take the premium and he, the collector, said that he was not supposed to collect the same. We are of the opinion that in the absence of proof of authority, the act of the collector cannot bind the defendant company. The plaintiff also tried to show that an attempt was made to pay the premium at the office of the company. Neither the plaintiff nor the witnesses knew the exact location of the office, nor the person who refused to accept the premium. They said the office was somewhere on Fourth Avenue. We hold that a mere scintilla of evidence is not sufficient to establish the plaintiff's claim, and therefore refuse the plaintiff's motion."

Under the authorities of American Life Insurance Co. v. McAden, 109 Pa. 399, 1 A. 256; Kerns v. Prudential Insurance Co., 11 Pa. Superior Ct. 209, if the insurance company refused, in violation of its contract, to accept the premiums, the insured may elect either to sue on the contract to recover damages for the breach or rescind the contract and sue in assumpsit to recover back money paid under the contract, for which she received no substantial benefit. However, under the findings of the trial judge, he was not convinced that a proper tender had been made, or that it had been refused by the insurance company. It was his duty to pass upon the questions of fact, and on appeal, the findings of a judge, hearing a case without a jury, are entitled to the same weight and effect as the verdict of a jury. From the entire record, there is competent evidence to support the finding.

Judgment affirmed.