Brandeis, Adr., Appellant, *v.* Charter Mutual
Benefit Association.

Argued March 11, 1942.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, RHODES, HIRT and KEN-
WORTHEY, JJ.

*Horace Michener Schell,* with him *Philip S. Polis* and
*Paul Brandeis,* for appellant.

*Charles F. Nahill,* with him *Charles H. Schreyer* and
*John J. Sullivan,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

This action, tried without a jury, resulted in judg-
ment for the defendant. Plaintiff seeks a new trial.

Defendant is the successor of Pelican Mutual Life
Insurance Company which on April 15, 1915, issued a
ten-year term insurance policy on the life of Magdalina
Gorniowska. Throughout the period she paid all of
the premiums as they came due and there was no de-
fault on her part. The contract provided for its re-
newal upon expiration, for a further term of ten years,
and it is plaintiff's contention that insured then re-
quested a renewal of the contract in accordance with
its provisions and that defendant refused to renew the
policy. The insured died later but no claim was made
for death benefits. This action was brought by the

representative of her estate to recover $648, with interest, being the total amount of premiums paid by the insured. It is contended that plaintiff is entitled to a refund of the premiums paid because of the defendant's wrongful rescission of the contract, by its refusal to renew the policy. Defendant denied liability and also pleaded the statute of limitations.

Plaintiff's proofs consist in the admissions of the pleadings read into the record, with the addition of two letters received by counsel for plaintiff, ostensibly written on defendant's stationery and each purporting to have been signed by an officer or representative of the company. The defendant offered no testimony. Without proof of the signature on either letter, the trial judge received both in evidence over the objection of defendant that they were not 'properly authenticated.' One letter, dated July 22, 1935 contains this statement: "In 1925, after ten years dues were paid, the deceased wrote: 'A total of $648 has been paid in. I am now entitled to same.'" The second letter dated December 6, 1937 contained the admission "We have also letters from the insured asking us to renew the policy which we did not do at that time as the Insurance Department in 1926 changed the deferred dividend plan to the annual one and the character of the risk had changed." Coupled with the admission of the pleadings that 'assured in her lifetime ...... performed all things, conditions and obligations required of her under the written contract aforesaid', the above letters if genuine and authoritative, contain evidence of a timely request for a renewal of the policy, defendant's rescission of the agreement by refusing to renew the contract, and the insured's demand for a return of the premiums paid.

The lower court in the opinion filed, made no findings of fact but it is clear that the evidentiary value of the above proof was entirely disregarded. The court concluded: "that the deceased never attempted to renew the

policy, but demanded return of the premiums paid *because of a misinterpretation of the terms of the policy."* (Italics added.) There is no evidence to support this conclusion.

It may be that the evidence contained in these exhibits was ignored because the letters were improperly received in evidence without proper preliminary proof. *(Sweeney v. Oil & Gas Co.,* 130 Pa. 193, 18 A. 612; 22 C. J. 906; Henry, Trial Ev. (3d Ed.) §212.) If so, since the error was the trial court's it could not be corrected by ignoring the exhibits though improperly admitted. If that was the court's view, in fairness to the plaintiff, it should have reopened the case and ordered an additional hearing in the nature of a new trial, when on reversing its ruling, plaintiff would have had the opportunity of producing competent proof of the genuiness of the letters and the authority of the signer to speak for defendant.

If the insured complied with the terms of the contract and defendant refused to renew the policy, this was a denial of an obligation assumed by the defendant amounting to a rescission of its contract, which would have entitled the insured to a return of the premiums paid. Interest also might have been allowed depending 'upon the justice and equity arising out of [the] peculiar circumstances' of the case when fully established. *American Life Insurance Co. v. McAden,* 109 Pa. 399, 1 A. 256; *Kerns v. Insurance Co.,* 11 Pa. Superior Ct. 209; *Erwin v. Insurance Co.,* 122 Pa. Superior Ct. 203, 186 A. 260; *Gaskill v. Pittsburgh L. & Tr. Co.,* 261 Pa. 546, 104 A. 775.

Plaintiff's right, if any, to a refund accrued on April 15, 1925; this action was not brought until February 6, 1939. To avoid the bar of the statute of limitations, plaintiff averred that the defendant made a number of payments to plaintiff, a total of $180.55, to apply on its claim for a return of premiums, the last of which,

on February 5, 1936. If these payments were an unequivocal acknowledgment of liability, they took the case out of the statute. *Barclay's Appeal,* 64 Pa. 69. Section 'K' of the policy, however, provided for the payment, of dividends from surplus to be allocated to the policy, whether or not renewed, and defendant in its affidavit of defense, though it admits payments to plaintiff as late as January 15, 1937, avers that they were made out of surplus in discharge of the obligation under section 'K', and not in recognition of any right in plaintiff to a return of premiums.

The lower court found that plaintiff was barred by the statute but as a basis for that conclusion accepted self-serving statements of the very letters above referred to, though it had refused to consider the admissions against interest contained in them. Where admissions against interest and self-serving declarations are found in the same writing and one seeks to take advantage of the admissions, it is necessary for him to offer the whole of the writing even though a part of it may contain matter favorable to the party who made it. 'However, in such case *parts against his interest are entitled to greater weight* than those in his favor': *Heyman v. Hanauer,* 302 Pa. 56, 152 A. 910. (Italics added.) Under all of the circumstances, in justice to plaintiff, a new trial must be granted.

On a retrial, plaintiff's proofs will have to identify the debt upon which the payments were made, as the claim in suit, failing which, plaintiff will be barred. To toll the statute it must be shown unequivocally that payments were intended to apply to the claim sued upon. *Tyers v. Kuhn,* 52 Pa. Superior Ct. 24; *Kaufmann's Estate,* 293 Pa. 73, 141 A. 852; *White v. Pittsburgh Vein Coal Co.,* 266 Pa. 145, 109 A. 873; *McPhilomy v. Lister,* 341 Pa. 250, 19 A. 2d 143.

Judgment reversed with a venire.