## McCabe et al. v. Romano et al.

*Florindo F. Troncelliti*, for plaintiffs.
*Roger B. Reynolds*, for defendants.

KNIGHT, P. J., April 22, 1947.—At the trial of this case it developed that Cosmo Romano, one of defend-

ants, was but a guarantor, and as to him the trial judge entered a compulsory nonsuit.

Defendant offered no evidence, and at the direction of the trial judge, the jury returned a verdict for the full amount of plaintiff's claim, with interest. These motions followed, and were argued before the court en banc.

Defendant is a contractor and plaintiffs deal in building materials, and the suit was brought on a book account for goods sold and delivered.

On 30 different occasions, between May 30, 1939, and April 30, 1941, plaintiffs sold and delivered building materials to defendant, to the aggregate amount of $3,403.19, and received from defendants, at nine different times on account thereof, the sum of $1,602.01, leaving a balance due plaintiffs of $1,801.18, for the recovery of which, with interest, this suit was brought. The last item was sold and delivered to defendant on April 30, 1941, and the last payment was made by defendant on January 18, 1941. The suit was started October 21, 1946.

Defendant admits that he owes for all materials purchased within six years of the time of starting the suit, amounting with interest, to $321.75, but contends that the balance of plaintiffs' claim is barred by the statute of limitations, which was properly pleaded as a defense.

It has been said that in a court of morals there is no statute of limitations, but we are not in a court of morals but a court of law, and the law provides that the collection of a debt is barred by the statute after six years unless the debtor by some unequivocal declaration or act, makes or implies a new promise to pay and thus tolls the statute.

It has been frequently stated by our Supreme Court that "there can be no more unequivocal acknowledgment of a present existing debt than payment on account of it; and according to all authorities that is all

that is required to take the case out of the operation of the Statute of Limitation. But then it must plainly appear, and not a matter of conjecture merely, that the payment was made on account of the very debt which is in dispute": Barclay's Appeal, 64 Pa. 69; Maniatakis' Estate, 258 Pa. 11.

The burden was upon plaintiffs not only to show that the payment was made, but that it was made by the debtor on the very account upon which the suit was brought; the debt must be identified and its amount fixed expressly or by reference to something from which it can be ascertained: Landis v. Roth, 109 Pa. 621; Rosencrance v. Johnson, 191 Pa. 521.

In reading the cases it will be noted that in those where the acknowledgment or payment has been held not sufficient to take the claim out of the operation of the statute, the suits have been based on notes or accounts other than running book accounts.

In the present case, the bookkeeper for plaintiffs testified that monthly statements showing the state of the account were sent to defendant; defendant made two purchases after the payment of $100, and he had made eight payments admittedly on the account prior to the $100 payment; one of which eight payments was made less than a year before the last payment, and six of which payments were in even amounts of $100, $150 and $200.

There was no evidence of any other account between plaintiffs and defendant, and the time elapsed since the inception of the account and bringing of the suit, was but a little more than seven years.

We think the evidence leaves no doubt as to the identity of the account on which this $100 payment was made, or that defendant intended that the money should be applied to the specific account upon which suit was brought. While of course the burden of proof was with plaintiffs, the fact that defendant did not take the stand and offer any other explanation as to the pay-

ment, is rather persuasive that there was no other explanation.

After reading the excellent brief of counsel for the defendant, we are not convinced that the trial judge erred in giving binding instructions to the jury.

And now, April 22, 1947, the motions for judgment n. o. v. and for a new trial are overruled.