

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2005

# Colonial Assurance v. Mercantile Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1106

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Colonial Assurance v. Mercantile Gen" (2005). *2005 Decisions.* Paper 1217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-1106
_____

COLONIAL ASSURANCE, IN LIQUIDATION;
LOUIS MAZZELLA,

*Appellants*

v.


THE MERCANTILE AND GENERAL REINSURANCE
COMPANY, LTD.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 03-cv-01818)
District Judge: Honorable Anita B. Brody

_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2005
Before: ROTH, FUENTES and BECKER, *Circuit Judges*.

(Filed: May 11, 2005)


_____

OPINION
_____

BECKER, *Circuit Judge*.

Colonial Assurance and Louis Mazzella appeal from an order of the District Court

granting the motion of defendant Mercantile & General Reinsurance Company ("M&G") to dismiss the complaint on statute of limitations grounds. The statute of limitations can constitute a Rule 12(b)(6) defense "when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. United States Veterans Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975). That is the case here. The factual and procedural background is extremely involved, but since we write only for the parties, who are familiar with it, we do not set it forth here and limit our discussion to our *ratio decidendi.* For the reasons that follow, we affirm.

## I. The Unjust Enrichment Claim

Colonial argues that it has a cause of action against M&G for unjust enrichment, and that this cause of action is not time-barred. Under Pennsylvania law, an unjust enrichment claim has a four-year statute of limitations, which "begin[s] to accrue as of the date on which the relationship between the parties is terminated." *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. Ct. 1997). In accordance with *Cole*, we hold that the relationship between M&G and Colonial was terminated when M&G refused to pay claims and sought declaratory judgment that the contract was void, i.e., in 1982. *See Brandeis v. Charter Mut. Ben. Ass'n*, 27 A.2d 425, 427 (Pa. Super. Ct. 1942) (holding that insured's right to a refund of premiums accrued when insurer denied coverage, and was therefore time-barred).

Colonial submits that "[t]he contract was not terminated when M&G filed its

lawsuit but when it ultimately prevailed," and that the cause of action did not accrue until 1993. It provides no citation or argument for this theory, which is contrary to the teachings of *Cole* and *Brandeis*. We therefore hold that this action accrued in 1982 and expired in 1986, as the District Court found.

## II. The Commonwealth-Party Argument

Colonial has attempted to evade the foregoing by arguing that no statute of limitations runs against the Insurance Commissioner in her capacity as statutory liquidator of an insurance company. Therefore, it contends, no statute ran from the time liquidation proceedings began in 1984 until the assignment of claims in 2002. Thus, it asserts that all of its claims—including the unjust enrichment claim, a breach of contract claim (with a four-year statute of limitations, 42 Pa. C.S.A. § 5525), and a tortious interferences with contract claim (two years, 42 Pa. C.S.A. § 5524(3))—are still viable. We disagree.

Pennsylvania follows a "long-standing rule that . . . statutes [of limitations] do not apply to the Commonwealth unless the statute specifically so provides." *Commonwealth Dep't of Transp. v. J.W. Bishop & Co., Inc.*, 439 A.2d 101, 101 (Pa. 1981). However, the statute applicable to insurance liquidation provides:

> (b) The liquidator may, upon or after an order for liquidation, *within two years or such additional time as applicable law may permit*, institute an action or proceeding on behalf of the estate of the insurer upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the petition upon which such order is entered. Where, by any agreement, a period of limitation is fixed for instituting a suit or proceeding upon any claim, or for filing any claim, proof of claim, proof of loss, demand, notice, or the like, or where in any

3

proceeding, judicial or otherwise, a period of limitation is fixed, either in the proceeding or by applicable law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case the period had not expired at the date of the filing of the petition, the liquidator may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the insurer, *within a period of one hundred and eighty days subsequent to the entry of an order for liquidation, or within such further period as is shown to the satisfaction of the court not to be unfairly prejudicial to the other party.*

40 Pa. C.S.A. § 221.26(b) (emphasis added).

While this language may be less than pellucid, it is clear enough that the intent of the statute is to provide a two-year statute of limitations in the first emphasized phrase, and that the second is intended only to provide an extension of time to file pleadings in an already pending case (or to extend the time to sue under an agreement fixing a time to file).

The District Court focused on the two-year limitations period of section 221.26(b), and assumed that it simply added two years to the statute of limitations of any claim that was unexpired at the time of the liquidation order.[1]  As the liquidation order was entered in March 1984, section 221.26(b) delayed the running of the statute until March 1986; as no statute involved more than a four-year period, all of Colonial's claims had expired by March 1990 at the very latest. A Pennsylvania court has specifically held that section 221.26(b) is a statute of limitations applicable to the Insurance Commissioner in her

---

[1]This reading may be overly generous to Colonial; the statute may instead mean that the liquidator gets the longer of two years *or* the time remaining on the original limitations period, rather than both periods combined. At all events, the difference does not affect the outcome in this case.

capacity as statutory liquidator, *Koken v. Balaban & Balaban*, 720 A.2d 823 (Pa. Commw. Ct. 1998), thus belying Colonial's argument that no statute of limitations runs against the liquidator. *Balaban & Balaban* also makes clear that Pennsylvania courts view section 221.26(b) as granting the liquidator a two-year statute of limitations, not an indefinite time limited only by "prejudice."

In sum, Colonial's argument that no statute of limitations runs against the Insurance Commissioner as liquidator is unsupported by any citation to any case. It is refuted by the language of the Pennsylvania statute that specifically creates a statute of limitations running against the liquidator, and by a Pennsylvania case interpreting that statute. Therefore, the District Court was right to reject this claim.

### III. The Recovery of the Premiums

Finally, Colonial argues that, even if the rest of its claims are time-barred, it can still maintain an action to recover the premiums that it paid to M&G to purchase the reinsurance that M&G disclaimed. The argument is based on the general rule that, when a reinsurer rescinds a reinsurance treaty, it must refund any premiums that it accepted for risks that it will not cover. *Curiale v. AIG Multi-Line Syndicate*, 613 N.Y.S. 2d 360, 361 (N.Y. App. Div. 1994). Under Pennsylvania law, anyone "responsible for payment of a premium" must pay any unpaid premium due to an insurer at the time the insurer is declared insolvent. 40 Pa. C.S.A. § 221.35(a).[2]  As M&G had an obligation to pay back

---

[2]Section 221.35 provides, in relevant part:
   (a) An insured, agent, broker, premium finance company or any other

5

the premiums it had accepted, Colonial claims that, under section 221.35, that obligation came due when Colonial entered insolvency. Section 221.35 has no specific statute of limitations; therefore, *nullum tempus occurrit regi*, and the claims are not time-barred.

This theory was not raised in the decision appealed from, but only in Colonial's motion to reconsider before the District Court, the denial of which Colonial has not appealed. At all events, Colonial's argument is patently without merit..

First, section 221.35 is clearly intended to apply to those who owe *premiums*, not those who owe *refunds*. By its terms, it applies to an "insured, agent, broker, premium finance company," or other person responsible for the initial payment of premiums—not

---

person responsible for the payment of a premium shall be obligated to pay any unpaid premium for the full policy term due the insurer at the time of the declaration of insolvency whether earned or unearned as shown on the records of the insurer. The liquidator shall also have the right to recover from such person any part of an unearned premium that represents commission of such person. . . .

(b) Upon satisfactory evidence of a violation of this section, the Insurance Commissioner may, in his discretion, pursue any one or more of the following courses of action:

(1) Suspend or revoke or refuse to renew the licenses of such offending party or parties.

(2) Impose a penalty of not more than one thousand dollars ($1,000) for each and every act in violation of this section by said party or parties.

Before the Insurance Commissioner shall take any action as above set forth, he shall give written notice to the person, company, association, or exchange accused of violating the law, stating specifically the nature of the alleged violation, and fixing a time and place, at least ten days thereafter, when a hearing of the matter shall be held. After such hearing, or upon failure of the accused to appear at such hearing, the Insurance Commissioner shall impose such of the above penalties as he deems advisable.

40 Pa. C.S.A. § 221.35.

to a reinsurer who is responsible for repayment of rescission damages. The fact that M&G had an obligation to refund Colonial's premiums does not mean that it was a "person responsible for payment of a premium" under section 221.35(a); it is simply an unfortunate linguistic coincidence.

Second, Colonial provides no reason that the statute of limitations in section 221.26(b) would not apply to return-of-premium claims under 221.35. Colonial believes that the Insurance Commissioner, as a "Commonwealth party," is almost completely immune from all statutes of limitation. In fact, as 221.26(b) specifically creates a statute of limitations running against the Commissioner as statutory liquidator, we find it more reasonable to conclude that that limitations period covers all of the estate's claims, including those under section 221.35.

Finally, the remedy for violation of section 221.35 does not seem to be a suit to recover the premiums, but rather a fine or suspension of the license of a broker who violates the section. 40 Pa. C.S.A. § 221.35(b). We doubt that the Commissioner could assign these remedies to a private party. In any case, to pursue the 221.35(b) remedies, the Commissioner would have had to give notice and hearing of the alleged violation of the law, which she has never done.

We are left wholly unconvinced by Colonial's argument that its attempt to recover the premiums is not limited by *any* statute of limitations. Section 221.35 does not apply to reinsurers like M&G, does not provide a damages cause of action, and is in any case

limited by the 221.26 statute of limitations. Thus, Colonial's premium-recovery claim, like the rest of its claims, expired in 1990 at the very latest, and Colonial's suit is too late by at least thirteen years.

The judgment of the District Court will be affirmed.