* Rehearing denied December 11, 1933.
This is a suit by a beneficiary against a fraternal insurance association to recover the face value of a life insurance policy and certain funeral benefits also provided for therein. The defense is that the defendant, under the constitution of the association, was not obliged to pay the claim until such time as there was sufficient money in the endowment fund and that, as the fund had been depleted, plaintiff's claim was premature.
There was judgment for the plaintiff, as prayed for, and the defendant has appealed.
The case was tried on an agreed statement of facts in which it is admitted by the defendant that the insured was a member of the association; that the policy in question was issued, the plaintiff being named as beneficiary; and that all premiums had been duly and promptly paid up to the time of the *Page 680 
death of the insured. It was further agreed that the "only defense of this action claimed by defendant is a special defense pleaded in article 3 of the defendant's answer and which defense the court must pass upon, as shown by article 6, section 5, page 67 of the defendant's constitution and the amendment to article 6, section 5, pages 70 and 71, and article 4, section 2, page 79 of defendant's constitution."
There is nothing in the agreed statement of fact to show that the endowment fund was exhausted. Counsel for defendant, in argument at bar, stated that he was prepared to make that proof, but the trial judge stated that it was unnecessary to do so. Counsel for plaintiff contradicts the counsel for defendant in that statement. The note of evidence in the record fails to show that the defendant tendered any evidence to prove that the endowment fund was depleted. Therefore, we find the record in this case to be in the identical condition as the records in the several previous cases where the defendant had been sued upon the same class of claims and was condemned by both the trial court and this court to pay. The burden of showing an absence of funds with which to pay the claim in question was upon the defendant and it has failed to meet that responsibility. Flowers v. Grand Lodge Knights of Pythias (La.App.) 146 So. 782, 783.
For the reasons assigned the judgment is affirmed.
Affirmed.