## HARPER v. GRAND LODGE, KNIGHTS OF PYTHIAS OF THE STATE OF LOUISIANA, etc. *
### No. 14850.

Court of Appeal of Louisiana. Orleans.
April 23, 1934.

F. B. Smith, of New Orleans, for appellant.

Herman L. Midlo, of New Orleans, for appellee.

JANVIER, Judge.

At the time of his death Enoch Laws was a member in good standing of defendant, a fraternal insurance association. Plaintiff was named beneficiary in the policy of life and burial insurance issued by defendant to the said Laws.

The policy provided that at the death of Laws defendant would, under certain conditions, pay to his widow $500 as a death benefit and $70 as a burial benefit. Upon failure of defendant to pay, plaintiff instituted this suit.

There was judgment below in favor of plaintiff, and defendant has appealed.

At the time of the trial below, the following admission was made by defendant: "It is admitted that the policy in question was issued to Enoch Laws and that at the time of his death he had paid all dues and was not delinquent or in default."

Defendant contends that there is not in its endowment fund a sufficient amount to pay the said claim and that it is not liable until such an amount has been accumulated. It bases this defense, so far as the endowment benefit is concerned, on article 6, section 5, of the constitution, and, so far as the burial benefit is concerned, upon article 5 of the said constitution. The evidence offered by defendant in support of this defense shows, though in a vague and indefinite way, that there is on hand little or no cash available for payment of the claim.

But it appears from the testimony of S. W. Green, who has been defendant's Grand Chancellor since 1899, that "the endowment owns the Pythian Temple Building" and that "it has some Pythian Temple bonds from the Supreme Lodge," and that the said bonds have a par value "around $131,000." The bonds are said by Green to be in default. The actual present value of the said bonds and the value of the said Pythian Temple building are not shown in the evidence.

Of course, a fraternal association when it comes into the possession of surplus funds may invest those funds and should not be required to keep all of its assets in cash, and it follows that, where during a prosperous season such investments are made, a reasonable time must, during periods of stress, be allowed for the conversion of such investments into cash. But the evidence as to the attempt to convert the investments held by defendant is not sufficiently convincing, and we cannot but believe that more strenuous efforts might have been fruitful of results

*Rehearing refused May 21, 1934.

which would have permitted the payment of this and other similar claims.

The burden of showing lack of funds and inability to obtain funds is on defendant. Flowers v. Grand Lodge, K. of P., etc., (La. App.) 146 So. 782; Collins v. Grand Lodge, K. of P., etc., (La. App.) 146 So. 782; Higgins v. Grand Lodge, K. of P., etc., (La. App.) 146 So. 782; Neil v. Grand Lodge, K. of P., etc., (La. App.) 146 So. 783; Pierce v. Grand Lodge, K. of P., etc., (La. App.) 146 So. 783; Smith v. Grand Lodge, K. of P., etc., (La. App.) 146 So. 783; Harris v. Grand Lodge, K. of P., etc., (La. App.) 146 So. 783; Archie v. Grand Lodge, K. P., etc., (La. App.) 150 So. 679.

This burden has not been sustained.

The judgment appealed from is affirmed.

Affirmed.